
1  KRISTEN CLARKE
   Assistant Attorney General for Civil Rights
2  CARRIE PAGNUCCO
   Acting Chief
3  MEGAN K. WHYTE DE VASQUEZ
   Deputy Chief
4  ARIELLE R. L. REID
   ALAN A. MARTINSON
5  Trial Attorneys
   Housing and Civil Enforcement Section
6  United States Department of Justice
   950 Pennsylvania Avenue NW
7  Washington, DC 20530
   Tel: (202) 598-1575
8
   PHILLIP A. TALBERT
9  United States Attorney
   EMILIA P. E. MORRIS
10 Assistant United States Attorney
   Eastern District of California
11 2500 Tulare Street, Suite 4401
   Fresno, CA  93721
12 Tel: (559) 497-4000

13 Attorneys for Plaintiff United States of America

14 SIERRA LAW CENTER, APC
   Jacob Zamora, Esq., (SBN 223911)
15 748 S. Meadows Parkway, Unit A9-183
   Reno, Nevada 89521
16 Telephone: (530) 798-3548
   Facsimile: (530) 687-0330
17 Email: jdz@jdzlaw.com

18 Attorney for Defendants,
   JOEL LYNN NOLEN; and
19 NOLEN PROPERTIES, LLC

20 LEWIS BRISBOIS BISGAARD & SMITH LLP
   JOHN S. POULOS, SBN 154689
21 E-Mail: John.Poulos@lewisbrisbois.com
   JEFFREY E. SCHULTZ, SBN 335323
22 E-Mail: Jeffrey.Schultz@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
23 Sacramento, California 95833
   Telephone: 916.564.5400
24 Facsimile: 916.564.5444

25 Attorneys for Defendant,
   SHIRLEE NOLEN
26
   Douglas B. Jacobs SBN 084153
27 Andrea M. Wieder SBN 339490
   JACOBS, ANDERSON, POTTER,
28 HARVEY & CECIL, LLP

PROTECTIVE ORDER                                1

1 | 20 Independence Circle
Chico, CA 95973
2 | Phone: 530-342-6144
Fax: 530-342-6310
3 | djacobs@japhclaw.com
awieder@japhclaw.com

Attorney for Defendants,
Nancy Canale and
Nancy Canale as Trustee of the Bernard Canale
and Nancy Canale 1998 Revocable Trust

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:23-cv-00320-JAM-CKD |
| Plaintiff, | |
| vs. | **JOINT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| JOEL LYNN NOLEN; SHIRLEE NOLEN; NOLEN PROPERTIES, LLC; NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE. | |
| Defendants. | |

Plaintiff United States and Defendants Joel Nolen, Shirlee Nolen, Nolen Properties, LLC, and Nancy Canale, as Trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust and as successor in interest of Bernard Canale (each a "party" and collectively the "Parties"), expect that during the course of discovery it may be necessary to disclose certain confidential information. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information, as defined below, and to protect alleged victims, other witnesses, and potential witnesses pursuant to

Federal Rules of Civil Procedure 5.2(e) and 26(c), and Rules 141.1 and 143 of the Local Rules of the United States District Court for the Eastern District of California.

Protection of the identified categories of confidential information and protection of alleged victims, other witnesses, and potential witnesses is necessary because this case involves allegations of sexual harassment and other Fair Housing Act violations, including allegations of coercion, intimidation, threats, or interference, against multiple alleged victims who fear adverse consequences to their housing and safety stemming from their involvement in this litigation.  Discovery in this case will likely involve the exchange of sensitive personal information, including: (1) personally identifiable information ("PII") protected by the Privacy Act of 1974,  5 U.S.C. § 552a, such as names, residential addresses, Social Security numbers, and personal telephone numbers; (2) financial information; (3) protected health information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq*.; (4) records of law enforcement activity, including records that identify by name and/or by other PII persons alleged to have committed criminal conduct, or witnesses to, victims of, or persons who reported conduct to law enforcement; (5) the identity and contact information for persons the United States identifies in this Action as aggrieved under the Fair Housing Act, 42 U.S.C. § 3614; and (6) other information that is generally unavailable to the public.  Accordingly, the Parties agree to, and the Court finds good cause for, entry of this Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c) and Local Rule 141.1. Nothing in this Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

The Court hereby enters the following Protective Order:

**1.    Contact Between the Defendants and Alleged Victims and Other Witnesses Identified by the United States**. Defendants (excluding counsel of record, their employees, or anyone hied by Defendants' counsel for the purpose of representing Defendants in this action) shall not contact or attempt to contact any persons identified by the United States in its initial disclosures or other discovery responses as alleged victims or individuals with knowledge of the Defendants' alleged discriminatory housing practices.  If any Defendant proceeds *pro se* at any time during this action, he or she shall interact with alleged victims or other individuals with knowledge as identified by the United

States in this lawsuit only in the course of discovery in accordance with the methods and procedures permitted under the Federal Rules of Civil Procedure.

**2.    Scope.**  All documents and materials produced in the course of discovery in this case, including initial disclosures, responses to discovery requests or third-party subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

Materials obtained independent of this federal civil case (including information obtained through independent investigations or other legal proceedings) are not subject to this Order concerning Confidential Information except to the extent the efforts to obtain those materials were based on or relied upon Confidential Information.

Further, Defendants are not precluded from using any information disclosed in this federal civil case to conduct independent investigations for use in defending any state criminal or state civil actions currently pending or pending in the future.

**3.    Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the Parties and/or nonparties.  For purposes of this Order, the Parties may limit their designation of "Confidential Information" to the following categories of information or documents: PII, including names, social security numbers, taxpayer identification numbers, and birth dates; financial information such as financial account numbers, income tax returns, bank account statements, or other personal financial records; personnel records; criminal records and histories, if any, which are not publicly available; current or past home addresses, electronic mail addresses, and telephone numbers and any other personally identifying information regarding any person identified as a witness or potential witness; and PHI, including information related to any medical (including psychological) condition or treatment or effort to seek treatment, including names or types of healthcare providers and dates of visits to providers; and any other personally identifying information or personal medical (including psychological) information including history of sexual abuse, harassment, or assault, regarding any

person, including individuals identified as an aggrieved individual, potential aggrieved individuals, and/or witnesses. Confidential Information shall further include the identities of such persons' minor children. Information or documents that are available to the public may not be designated as Confidential Information; however, designation of such publicly available information or documents shall not be construed against the designating party as a designation made in bad faith or in violation of this Order. Should a non-designating party believe such publicly available information has been inappropriately designated, that Party shall meet and confer with the designating Party pursuant to the procedural dictates of this Order. The Parties may move the Court for the inclusion of additional categories of information as Confidential Information.

**4.    Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on each page of the document and on all copies in a manner that will not interfere with the legibility of the document. Any party to this litigation may designate materials produced by any other party, including third parties, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" within thirty (30) days of receipt of the documents. For computer data, the medium of which makes the marking impracticable, the producing party shall mark the case and/or accompanying cover letter. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

5.     **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure. If a non-designating party identifies non-designated information which it reasonably believes should have been designated or would have qualified for designation, that party shall designate the information as Confidential under paragraph 4 above or shall inform the producing party of the information, and agrees not to use or disclose such information until the producing party, within a reasonable amount of time, confirms non-designation or subsequently applies a Confidential Information designation pursuant to this Protective Order.

6.     **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.  Failure to assert a claim or objection that particular testimony warrants Confidential Information designation during a given deposition shall not constitute a waiver of such designation. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

7.     **Protection of Confidential Material.**

(a)    **General Protections.**  The Parties agree that they will treat as confidential any document designated and produced by the other party with the marking.  Designated Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purposes, except (1) when necessary to prosecute or defend this action and/or any state criminal or state civil action now pending in any state court or which may be brought in the future and any actions that relate to or impact any judgment sought or obtained by the United States of America directly arising out of this action, and any appeals; and (2) as provided for below. Confidential Information must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b)    **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons:

      i.     the United States and its counsel, supervisors, associates, law clerks, secretaries, paralegal assistants, investigators, other administrative staff, and employees, including contractors, of such counsel, and government agencies, only to the extent reasonably necessary to render professional services in this action or any proceeding related to this action;

      ii.    counsel for the Defendants and, when necessary to defend this action, any proceeding related to this action, and any state criminal or state civil action now pending in any state court or which may be brought in the future, partners, supervisors, associates, law clerks, secretaries, paralegal assistants, investigators, other administrative staff, and employees, including contractors, of such counsel;

      iii.   the Defendants, but only in a manner consistent with Paragraph 1 of this Order and only to the extent necessary to further the Defendants' interests in this litigation, provided that in no circumstance would such disclosure include witness current contact information (including telephone number, address, and/or email address), witness social security numbers, witness birth dates, or witness medical or psychological information, unless the Defendant receiving the Confidential Information was the author, recipient, or custodian of the document at issue as provided in Paragraph 7(b)(xi) below. To the extent that any Defendant reviews witness PHI, or any other information related to an individual's medical (including psychological) condition, that Defendant may review that information only in the presence of counsel and may not retain copies;

      iv.    the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

      v.     the court, officers of the court, and court personnel where any action impacting any judgment sought or obtained by the United States of America directly arising out of this action is filed, including administrative staff, and members of

a jury;

vi. any mediator or other individual appointed by the Court or jointly selected by the Parties in this action or any action impacting any judgment sought or obtained by the United States of America directly arising out of this action;

vii. persons retained by any Party or their counsel to assist in their investigations or discovery, to prepare for any hearing, including any state criminal or state civil action now pending in any state court or which may be brought in the future, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action, or any action impacting any judgment sought or obtained by the United States of America directly arising out of this action;

viii. witnesses and potential witnesses (and their counsel) who may testify as witnesses at any deposition or hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action or any action related to or impacting any judgment sought or obtained by the United States of America directly arising out of this action;

ix. court reporters and videographers retained to take depositions, under the terms and limitations specified in this Order;

x. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation or any action related to or impacting any judgment sought or obtained by the United States of America directly arising out of this action; and

xi. the author, recipient, or custodian of a document containing the Confidential Information, or a person other than the Defendant named or described in the Confidential Information;

xii. employees of any Defendant's insurance company, only to the extent necessary for representation of that Defendant in this action; and

    xiii. third party entities, including financial institutions, accountants, financial advisors, social service agencies, local courts, and/or local governmental entities, only for the purpose of responding to subpoenas requesting document productions and/or deposition testimony.

  **(c)** **Control of Documents.** The Parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents. Prior to disclosing or displaying the Confidential Information to any persons described in paragraph 7(b)(iii), (vii), (viii), or (xii), counsel shall inform the person of the confidential nature of the information and inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person. Any persons described in paragraph 7(b)(iii), (vii), (viii), or (xii) to whom Confidential Information is disclosed must complete the certification contained in Attachment A, Acknowledgment and Agreement to be Bound, the originals of which shall be retained by counsel for the disclosing party until such time as this litigation, including any appeals, is concluded. If the Parties wish to disclose Confidential Information to any persons other than those indicated in paragraph 7(b), above, the disclosing party shall obtain written consent from all other Parties in advance of such disclosure. If consent to the proposed disclosure is not given, then the party wishing to disclose may, on motion after conferring with opposing counsel, seek modification of this Order from the Court. Neither the United States Department of Justice, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for unauthorized disclosure of any documents obtained by the Defendants' counsel under this Protective Order, or of any information contained in such documents.

  The Defendants, nor any of their officers, employees, or attorneys, shall not bear any responsibility or liability for unauthorized disclosure of any documents obtained by the United States Department of Justice's counsel under this Order, or of any information contained in such documents.

  A receiving Party who, by inadvertence or otherwise, discloses Confidential Information in any manner not authorized under this Order must immediately, upon learning of the disclosure: (a)

notify in writing the Party who designated the document as confidential of the unauthorized disclosure; (b) use reasonable efforts to retrieve all unauthorized copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

8. **Filing of Confidential Information.**  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the Confidential Information within the document receives proper protection from public disclosure, including: (a) filing a redacted document in compliance with General Rule 140; or (b) requesting an order of the Court to seal the documents in accordance with General Rules 141 and 141.1(e). Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The Parties understand that the requested documents may be filed under seal only with the permission of the Court. If the Court permits a party to file the requested documents under seal, only counsel of record will have access to the sealed documents.

9. **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, and within a reasonable amount of time, the objecting party must meet and confer in good faith with the designating party to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

10. **Discovery.**  The Parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. Further, the Parties agree that nothing in this Order concedes that any Confidential Information is discoverable or non-privileged.

11. **Use of Confidential Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party

that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information unless the Confidential Information is, or was, derived from an independent investigation conducted outside, and separate from, this federal litigation that was not based on and did not rely on Confidential Information produced by other parties in this case. The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

**12. Obligations on Conclusion of Litigation.**

**(a) Destruction of Confidential Information.** Within 60 days after this litigation, or any state criminal or civil litigation, concludes by settlement, final judgment, or final order, including all appeals, each party shall, upon request of the opposing party, certify that it has destroyed all documents designated as containing Confidential Information, including copies as defined above, in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance or disclosure. Nor does this provision require a party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

**(b) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order.

13. **Order Subject to Modification.**  This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter.  If the Order modification is made by motion, then the non-moving party shall receive notice and an opportunity to be heard on the proposed modification.

14. **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law offices, the Parties, and persons made subject to this Order by its terms.

16. **Jurisdiction.**  Except as otherwise set forth in this Order, this Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court. The Parties agree that this Order is not retroactive and that only conduct occurring after entry of this Order shall be governed by this Order.

17. **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.  Should any aggrieved person intervene in this lawsuit, that person's name and any information alleged publicly in the complaint shall not be considered Confidential Information.

18. **Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by, and related to, third parties, if timely requested by the Parties or by the third party. Third parties will be notified of this Protective Order when any party to this lawsuit requests documents from them.

19. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel

disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual party in the case of a *pro se* litigant, and must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the Court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

IT IS SO ORDERED

Dated: August 31, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
nole23cv320.stip.po

Dated: August 29, 2023

Respectfully submitted,

PHILLIP A. TALBERT  
United States Attorney  
Eastern District of California

KRISTEN CLARKE  
Assistant Attorney General  
Civil Rights Division

1

2   /s/ Emilia P. E. Morris                    /s/ Arielle R. L. Reid
    EMILIA P. E. MORRIS                        ARIELLE R. L. REID
3   Assistant United States Attorney           ALAN A. MARTINSON
                                               Trial Attorneys
4                                              CARRIE PAGNUCCO
                                               Acting Chief
5                                              MEGAN K. WHYTE DE VASQUEZ
                                               Deputy Chief
6

7                                              Respectfully submitted,

8
9   DATED:  August 31, 2023            SIERRA LAW CENTER, APC

10

11                                     By:   /s/ Jacob Zamora
                                             JACOB ZAMORA
12                                           Attorneys for Defendants
                                             JOEL NOLEN and
13                                           NOLEN PROPERTIES, LLC

14

15  DATED:  August 31, 2023            LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17
                                       By:/s/ Jeffrey E. Schultz
18                                         JOHN S. POULOS
                                           JEFFREY E. SCHULTZ
19                                         Attorneys for Defendant,
                                           SHIRLEE NOLEN
20

21
    DATED:  August 31, 2023             JACOBS, ANDERSON, POTTER, HARVEY AND
22                                      CECIL LLP

23

24
                                       By:/s/ Andrew Wieder
25                                         DOUG JACOBS
                                           ANDREA WIEDER
26                                         Attorneys for Defendants,
                                           NANCY CANALE
27                                         BERNARD CANALE

28

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that s/he has read the Protective Order dated _____ in the case captioned *United States v. Nolen et al.*, Case No: 2:23-cv-00320-JAM-CKD (E.D. Cal.), and understands the terms thereof and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated as containing Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____

Signature