KRISTEN CLARKE
Assistant Attorney General for Civil Rights
CARRIE PAGNUCCO
Chief
MEGAN K. WHYTE DE VASQUEZ
Deputy Chief
ARIELLE R. L. REID
ALAN A. MARTINSON
Trial Attorneys
Housing and Civil Enforcement Section
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 598-1575

PHILLIP A. TALBERT
United States Attorney
EMILIA P. E. MORRIS
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Tel: (559) 497-4000

Attorneys for Plaintiff United States of America

SIERRA LAW CENTER, APC
Jacob Zamora, Esq., (SBN 223911)
748 S. Meadows Parkway, Unit A9-183
Reno, Nevada 89521
Telephone: (530) 798-3548
Facsimile: (530) 687-0330
Email: jdz@jdzlaw.com

Attorney for Defendants,
JOEL LYNN NOLEN; and
NOLEN PROPERTIES, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
JOHN S. POULOS, SBN 154689
E-Mail: John.Poulos@lewisbrisbois.com
JEFFREY E. SCHULTZ, SBN 335323
E-Mail: Jeffrey.Schultz@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant,
SHIRLEE NOLEN

Douglas B. Jacobs SBN 084153
Andrea M. Wieder SBN 339490
JACOBS, ANDERSON, POTTER,
HARVEY & CECIL, LLP
20 Independence Circle

STIPULATION AND ORDER REGARDING DISCOVERY                                                                     1

Chico, CA 95973
Phone: 530-342-6144
Fax: 530-342-6310
djacobs@japhclaw.com
awieder@japhclaw.com

Attorney for Defendants Nancy Canale and
Nancy Canale as Trustee of the Bernard Canale
and Nancy Canale 1998 Revocable Trust

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cv-00320-JAM-CKD |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER REGARDING DISCOVERY** |
| JOEL LYNN NOLEN; SHIRLEE NOLEN; NOLEN PROPERTIES, LLC; NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE. | |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 143 of the Local Rules of the United States District Court for the Eastern District of California, Plaintiff United States of America and Defendants Joel Lynn Nolen, Shirlee Nolen, Nolen Properties, LLC, Nancy Canale, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and Bernard Canale, by and through his successor in interest Nancy Canale (each a "Party" and collectively, the "Parties") have entered into this Stipulation to reduce the time, expense, and other burdens of discovery of documents, things, and electronically stored information ("ESI"), and to govern discovery obligations in this action.

///

///

I.     PRESERVATION AND PRODUCTION OF DOCUMENTS

    A.     **Preservation**

        1.     The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

        2.     This Stipulation and Order does not modify any Party's obligation to maintain and preserve documents, things, and ESI where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

    B.     **Limitations on Obligation to Preserve and Produce**:

Subject to § I.D.1, for purposes of this action, the Parties agree to limit the scope of preservation as described in this section.

        1.     The Parties agree that they do not need to take specific, affirmative steps to preserve for purposes of this litigation the following categories of ESI:

            a.     Delivery or read receipts of e-mail;

            b.     Logs or other data from video-conferencing (including, *e.g.*, Skype or Zoom) or instant messaging tools involving (i) attorneys for the United States (and their staff)[1], and/or (ii) attorneys for Defendant(s) in this case (and their staff);

            c.     Temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;

            d.     Internally facing server system logs;

            e.     Externally facing or hosted file sharing system logs;

            f.     System data from photocopiers or fax machines;

            g.     Auto-saved copies of electronic documents;

            h.     Deleted, slack, fragmented, or other data only accessible by forensics; and

            i.     Random access memory ("RAM"), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

---

[1] The term "attorneys for the United States (and their staff)," as used in this document, includes attorneys and staff for the Department of Justice and the Department of Housing and Urban Development (HUD), including investigators from HUD's Office of Inspector General.

j.  Logs of or other data from audio calls (including, *e.g.*, landline phones, mobile devices, and Voice Over Internet Protocol ("VOIP")) made to or from (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendant(s) in this case (and their staff);

k.  Voicemail messages on the voicemail systems of (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendant(s) in this case (and their staff);

2.  When duplicate copies[2] of relevant ESI exist in more than one location, this Order does not require a Party to preserve all duplicates as follows:

    a.  ESI existing or stored on mobile or portable devices (*e.g.*, smartphones, tablets, thumb drives, CDs, DVDs, etc.) or file sharing sites does not need to be preserved pursuant to this Order *provided that* duplicate copies of the ESI, including metadata, are preserved in another location reasonably accessible to the Party.

    b.  ESI on backup tapes, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration and are not reasonably accessible ("Backup Systems") need not be preserved pursuant to this Order *provided that* duplicate copies of relevant ESI have been preserved in another reasonably accessible location. However, if a Party knows that relevant ESI exists *only* on a Party's Backup System, the Party will take reasonable steps to preserve ESI on the Backup System until the Parties can agree on how and when the ESI will be preserved or produced. If the Parties cannot reach agreement, they will seek a ruling from the Court.

3.  The Parties agree that they do not need to take specific, affirmative steps to preserve for purposes of this litigation relevant documents, things, or ESI

---

[2] "Duplicates" in the context of ESI are copies of identical documents identified with matching MD-5 hashes, which is a mathematically-calculated 128 bit value used to create a unique identifier for an electronic file.

STIPULATION AND ORDER REGARDING DISCOVERY                                    4

(including internal communications, drafts, versions, and collaboration on case-related work) created by and, if shared with any other(s), exchanged *solely among*: 1) attorneys for the United States (and their staff); 2) attorneys or staff of defense counsel; and/or 3) attorneys for the United States (and their staff) and attorneys for other government agencies.

4. The Parties agree not to seek discovery of documents, things, and ESI that they have agreed not to preserve pursuant to § I.B.1-3 above. As provided in § I.D.1 below, the Parties do not need to list such items on a privilege log prepared and served in connection with discovery in this case.

C. **Identification & Production of Documents and ESI**

The Parties agree that Federal Rule of Civil Procedure 34 shall govern with respect to the production of documents and ESI.

D. **Privileged Documents, Things, and ESI**

1. If any discovery request appears to call for the production of documents, things, or ESI covered by § I.B, the responding party is not required to produce or identify such information on a privilege log. However, if a party preserves relevant documents, things, or ESI covered by § I.B, in order to support a claim or defense in this case, the Party shall produce such information or identify it on a privilege log notwithstanding this subsection.

2. <u>Inadvertent Disclosure of Privileged or Protected Information</u>

   a. The Parties agree that a disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, work product protection, common interest privilege, and/or applicable governmental privileges (such as deliberative process) does not operate as a subject matter waiver in this case if: 1) the disclosure is inadvertent; 2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and 3) the holder promptly took reasonable steps to rectify the error.

      b.    If the producing Party inadvertently discloses information that it asserts is privileged or protected, it will notify the receiving party within two (2) business days of discovery of disclosure and provide the production date, number, and volume of the disc or drive on which the production was produced ("production media"), and the Bates number(s) or Document ID (for native files) of all material that it believes contains the inadvertently disclosed information.

      c.    If a production contains information that the receiving Party believes is privileged or protected and was inadvertently produced, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of the item it believes was inadvertently produced.  Within 14 days after receiving notification, the producing Party may make a written request for return of the material.  If the producing Party does not send a written request for return of the material to the receiving Party within 14 days, the producing Party waives all claims of privilege or protection as to the material, but this still does not operate as a subject-matter waiver.

      d.    When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return or destroy all inadvertently produced material identified by the producing party. If copies of inadvertently produced materials are located or stored on the receiving Party's Backup System(s), those copies need not be affirmatively removed but, rather, the receiving Party may overwrite those copies according to its normal records management procedures.

      e.    If the receiving Party must destroy or delete production media (*e.g.,* CD, DVD, thumb drive, or downloaded file(s)) in order to destroy or delete inadvertently produced material, the producing Party will provide a duplicate copy of the production media minus only the inadvertently produced material

within 14 days of its written request for return of the material to the receiving Party.

  f. If the receiving Party intends to challenge the claim of privilege or protection or the inadvertence of the production, it will keep one copy of the inadvertently produced material in a sealed envelope or a sequestered location while seeking a ruling from the Court.  Nothing in this Stipulation prevents access by a receiving Party's information technology or security personnel from accessing, in the normal course of their work, systems or locations where inadvertently produced material is sequestered.

 E. **Costs of Document Production**

Each Party shall bear the costs of producing its own documents, things, and ESI.

**II.** **MISCELLANEOUS**

 A. The Stipulation may be executed in counterparts.

 B. The terms of this Stipulation and Order are not exhaustive.  Each Party reserves the right to subsequently request to meet and confer to address any discovery matters, including forms of production and other matters not addressed herein.

 C. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request.

IT IS SO ORDERED

Dated:  September 10, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.nolen23cv320.stip.esi

Agreed to by counsel for the Parties:

For the United States:

Dated: September 8, 2023

| | |
|---|---|
| PHILLIP A. TALBERT | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |

STIPULATION AND ORDER REGARDING DISCOVERY  7

| | |
|---|---|
| Eastern District of California | Civil Rights Division |
| /s/ Emilia P. E. Morris | /s/ Arielle R. L. Reid |
| EMILIA P. E. MORRIS | CARRIE PAGNUCCO |
| Assistant United States Attorney | Chief |
| | MEGAN K. WHYTE DE VASQUEZ |
| | Deputy Chief |
| | ARIELLE R. L. REID |
| | ALAN A. MARTINSON |
| | Trial Attorneys |

For the Defendants:

DATED:  September 10, 2023          SIERRA LAW CENTER, APC


By: /s/ Jacob Zamora
    JACOB ZAMORA
    Attorneys for Defendants
    JOEL NOLEN and
    NOLEN PROPERTIES, LLC


DATED:  September 10, 2023          LEWIS BRISBOIS BISGAARD &
                                    SMITH LLP


By: /s/ Jeffrey E. Schultz
    JOHN S. POULOS
    JEFFREY E. SCHULTZ
    Attorneys for Defendant,
    SHIRLEE NOLEN


DATED:  September 10, 2023           JACOBS, ANDERSON, POTTER,
                                    HARVEY AND CECIL LLP


By: /s/ Andrew Wieder
    DOUG JACOBS
    ANDREA WIEDER
    Attorneys for Defendants,
    NANCY CANALE
    BERNARD CANALE

STIPULATION AND ORDER REGARDING DISCOVERY                                    8