UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEL LYNN NOLEN, et al.,<br><br>Defendants. | No.  2:23-cv-00320-JAM-CKD<br><br><br>ORDER |

A motion to compel discovery filed on May 6, 2024, by plaintiff United States of America is before the court. (ECF No. 55.) The court held a hearing via videoconference on May 29, 2024, with counsel for the parties involved in the present dispute. Alan Martinson appeared and argued for the government and Jeffrey Schultz appeared and argued for defendants Joel Nolen and Shirlee Nolen. Email Morris and Katherine Raimondo also appeared for the government. Having considered the parties' joint statement on the discovery dispute and arguments at the hearing, the court grants the motion on most of the disputed issues, as set forth below.

I.      Background

The United States proceeds on an amended complaint filed on April 6, 2023, with claims brought under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604, 3617, 3614(a). (ECF No. 14.) The United States alleges defendant, Joel Nolen, subjected female tenants and prospective tenants at the properties defendants owned or managed to discrimination on the basis of sex, including

sexual harassment. (Id., ¶¶ 20-24.) The government alleges Shirlee Nolen, Joel Nolen's wife, is vicariously liable and that she knew or should have known about the conduct yet failed to take reasonable preventative or corrective measures she had the authority to take. (Id., ¶ 26.) All defendants, including the Nolens, deny any liability or wrongdoing. (ECF Nos. 35-37.)

According to the parties' joint statement on the discovery dispute, the United States served its First Set of Interrogatories and First set of Requests for Production of Documents on defendants Joel Nolen and Shirlee Nolen ("the Nolens" or "defendants") on September 11, 2023. (See ECF No. 56 at 3.) The Nolens served objections to the Interrogatories and Requests for Production of Documents on October 11, 2023. (Id.) On November 13, 2023, Shirlee Nolen provided supplemental responses with an invitation to inspect the defendants' office records consisting of paper documents maintained at the defendants' rental office in Susanville, California, and paper documents stored at their home in Tracy ("Tracy documents"). (Id. at 4.)

The Tracy documents were moved to the Susanville rental office and the parties planned for the United States to inspect and copy the records. (ECF No. 56 at 4-5.) Various circumstances contributed to delay and the United States did not gain procurement approval for photocopying in time for the scheduled inspection date. (Id. at 5.) The parties reached an agreement under which the Nolens would scan the paper documents and provide them to the United States. (Id.) The scanned documents were provided on March 4, 2024. (Id.) The production did not include electronically stored information ("ESI") except for physically printed records of correspondences maintained by office managers. (Id.) Also on March 4, 2024, the Nolens supplemented their discovery responses, directing the United States to the production along with other supplemented information. (Id.)

During a meet and confer conference on March 26, 2024, counsel for the Nolens "agreed to supplement their discovery responses, including providing additional information in interrogatory responses, conducting a search for ESI (including Facebook, emails, and text messages), providing financial documents (including tax returns), and providing Defendants' liability insurance policy." (ECF No. 56 at 6.) As of the filing of the joint statement on May 6, 2024, there had been no further supplemental responses, no additional document production, and

2

no timeline for production. (Id.) At the videoconference hearing on May 29, 2024, counsel for the Nolens clarified the search for ESI was "put on pause" once the present motion was placed on the court's calendar.

The United States filed the motion to compel and the parties' joint statement on the discovery dispute on May 6, 2024. (ECF Nos. 55, 56.) Discovery closes on August 30, 2024. (ECF Nos. 52, 53.)

## II.      Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

When a party seeks to compel discovery under Rule 37 of the Federal Rules of Civil Procedure, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). In turn, the party opposing the discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Id. (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

## III.      Discussion

The present dispute involves the following categories of information: (1) ESI responsive to the United States' discovery requests; (2) property ownership information; (3) financial information; (4) sexual contact or communications by Joel Nolen (and related complaints); (5) tenant information; and (6) insurance policies. (ECF No. 56 at 6.) At the outset, the United States

3

meets its burden to show the requests at issue seek relevant information and documents, subject to some limiting for scope and time period.

Generally, the United States argues counsel for the Nolens have acknowledged further responsive information exists. In the joint statement, the Nolens argue, generally, all documents and information obtained thus far have been produced and that efforts to obtain information are ongoing. However, it is difficult to understand the Nolens' position in light of counsel's clarification at the hearing that, to the contrary, searches were paused following the filing of the motion to compel. The court flatly rejects the Nolens' argument that production pursuant to additional supplemental responses—without an order compelling such production—would suffice under the circumstances.

The Nolens take issue with the scope of the government's requests that span several decades. The United States argues defendants fail to acknowledge agreements during the meet and confer process to accommodate scope objections, such as, for example, a limitation for Interrogatory #3 to "an estimate of annual or monthly income over the past five years." (ECF No. 56 at 20.) In addition, at the videoconference hearing, the government indicated it would be satisfied with document production of tax returns and interrogatories responses regarding assets and liabilities for the last three years. Otherwise, though, the parties have failed to inform the court of any agreements they made limiting scope in meet and confer.

**A. Electronically Stored Information**

The government seeks to compel defendants to promptly provide all responsive ESI and respond fully to all interrogatories with information available from their ESI. (ECF No. 56 at 10.)[1]

The Nolens argue Mrs. Nolen's participation with the business is "hands-off and limited to paying some (paper) bills for certain properties, which are mailed to Tracy." (ECF No. 56 at

---

[1] The United States indicates a subsequent request for a full download of Facebook information is not at issue in the present motion, but that Mrs. Nolen has agreed to provide the information and Mr. Nolen states no responsive documents exist. (ECF No. 56 at 10, n.8.) Should any further discovery dispute arise in this case, the parties are directed to consider utilizing the undersigned's procedures for Informal Telephonic Conferences on Discovery Disputes available on the court's website.

12.) They argue she does not use a computer. (Id.) They indicate she possesses no relevant ESI and argue the information the government seeks to compel is disproportionate to the needs of the case with the burden and expense of providing the information substantially outweighing any benefit. In light of these representations, defendants argue, there is no good cause for compelling production of any ESI from Mrs. Nolen.

Similarly, defendants argue, Mr. Nolen utilizes office staff to draft and serve notices and communicate with tenants, almost never uses a computer, and maintains a single personal email account. (ECF No. 56 at 13.)  A third-party vendor was engaged to collect communications with tenants including ESI from the email account and "has yet to find any" such communications. (Id.) As noted above, though, search efforts were paused.

It clearly appears there is responsive ESI in defendants' possession, custody, or control which has not been produced. Moreover, although the Nolens appear to argue there may be limited relevant ESI to produce, they present no persuasive arguments regarding the scope or relevance of the requests by the government as to ESI. Accordingly, the motion to compel is granted as to the Nolens' ESI.

### B.  Property Ownership Information and Documents

The Nolens responded to discovery requests[2] about their ownership of property, including property addresses, dates of ownership, and property transfers, by directing the government to the document production made on March 6, 2024. (ECF No. 56-1 at 15-23.) The government argues the production fails to provide a complete picture of defendants' ownership of rental properties, and that defendants have failed to provide a list of either current or former properties. (ECF No. 56 at 16.)

Defendants argue information about their ownership of properties is publicly available. (ECF No. 56 at 17-18.) They argue they already produced the entirety of their property ownership records and "described the extent of their minimal property transfers" to their children as early inheritance. (Id.)

---

[2] The requests at issue are RFP Nos. 1-3 and Interrogatory Nos. 1 & 4 to both Nolens.

The Nolens represent they have not withheld any responsive documents regarding property ownership information, and the government does not present any specific arguments to the contrary. The United States does not meet its burden for an order compelling further document production on these requests at this time.

As to the relevant interrogatories to both Nolens, however, the motion to compel is granted. The Nolens have referred to broad swaths of records in reliance on Rule 33(d) of the Federal Rules of Civil Procedure, which provides as follows:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) *specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could*; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis added). Specifically, the Nolens have referred to the production of documents Bates stamped NOLEN_000001-NOLEN_004812. (See, e.g., ECF No. 56-1 at 15.)

The production of the entirety of defendants' office records and paper documents stored at their home, without any further specification of the documents that answer the interrogatories, does not suffice to answer the interrogatories. See O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272, 277 (C.D. Cal. 1999) ("Rule 33(d) is not satisfied by the wholesale dumping of documents."). "[W]hen voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories." Id. at 278.

Accordingly, the Nolens' election to produce business records under Rule 33(d) is insufficient as to Interrogatory Nos. 1 and 4. The election to produce business records is also deficient to the extent it does not provide all of the information requested. If, after a diligent search, the Nolens are unable to answer the interrogatories, they may indicate as much in their

1    responses. However, the United States is entitled to a response, even if the response is that

2    defendants are unable to provide portions of the requested information.

3        **C. Financial Information**

4        In addition to information about property ownership, the United States seeks discovery[3]

5    related to the Nolens' income, banks used, and net worth, as relevant to determine their financial

6    condition. (ECF No. 56 at 19.)

7        The Nolens argue they have not put an ability or inability to pay punitive damages at

8    issue, but the information is nevertheless relevant. District courts in this and other circuits

9    routinely allow discovery of information relating to a defendant's financial condition in advance

10   of trial without requiring a special showing. E.g., E.E.O.C. v. California Psychiatric Transitions,

11   258 F.R.D. 391, 394-95 (E.D. Cal. 2009).

12       The Nolens argue their responses and document production provided all information in

13   their possession, including mortgage and loan records, rent receipts, and leases. (ECF No. 56 at

14   24 n. 16.) However, the government argues

15               the production is lacking any tax returns or documents related to
16               property transfers to family members. In addition, … there do not
                 appear to be ledgers for all properties Defendants currently own, and
17               there are no ledgers showing 2023 rental income. And the document
                 production does not provide information about non-property assets
18               the defendants may own, [or] other liabilities.

19   (Id. at 21.) In addition, at the videoconference hearing, counsel for the Nolens appeared to

20   concede that, contrary to the argument in the joint statement, there are other responsive

21   documents within their possession, custody, or control, including tax returns.

22       Accordingly, the motion to compel is granted as to the document requests regarding

23   financial information, limited to the time period(s) agreed upon by the parties, or, in the absence

24   of agreement, to the past five years. As to interrogatories on financial information, the motion to

25   _____

26   [3] The requests at issue regarding "income" are Interrogatory No. 3 to both defendants. The
     requests at issue regarding "banks used" are Interrogatory No. 19 and RFP No. 26 to J. Nolen and
27   Interrogatory No. 17 and RFP #28 to S. Nolen. The requests at issue regarding "net worth" are
     Interrogatory No. 20 and RFP No. 27 to J. Nolen and Interrogatory No. 18 and RFP No. 28 to S.
28   Nolen.

compel is also granted. If relying on document production to respond to these interrogatories, defendants must identify the responsive documents by page numbers or provide indices designed to guide the searcher to the documents responsive to the interrogatories. In addition, to the extent the document production does not answer the interrogatories, the Nolens must provide a further response even if the response will be that they are unable to answer.

### D. Sexual Contact and Communications

Through interrogatories directed to Joel Nolen, the United States seeks information about the identity of current, former, or prospective tenants or residents with whom he has engaged in or directed any actual or attempted sexual contact or communication, complaints alleging discrimination or unwelcome sexual contact or communication made against him or his agents and employees, and accusations or reports of sexual harassment or discrimination made against him or anyone working with him or on his behalf.

The United States argues Mr. Nolen's responses to Interrogatory Nos. 12-14 are evasive and incomplete. Mr. Nolen responds that the requests are improper "blanket requests" for grievances. (ECF No. 56 at 28.) Mr. Nolen also argues the government simply disagrees with the responses or believes they are untrue. (Id.)

The motion to compel is granted as to Interrogatory No. 12 because Mr. Nolen's supplemental response speaks only to "sexual contact or attempted contact" with current tenants. (See ECF No. 56-1 at 37.) The response improperly excludes actual or attempted sexual contact to former or prospective tenants or any other person who has resided at the Subject properties.

The motion to compel is granted as to Interrogatory No. 13 because Mr. Nolen's supplemental response speaks only to "claims of discrimination, sexual or otherwise, to any government agency" made "prior to the instant case[.]" (See ECF No. 56-1 at 38.) The response therefore excludes other types of complaints, including verbal or written, formal or unformal, as well as those alleging unwelcome sexual contact or sexual communication.

The motion to compel is also granted as to Interrogatory No. 14, which asks about "every time any person has accused or reported that you or any person working with you or on your behalf engaged in sexual harassment or discrimination…." (See ECF No. 56-1 at 38.) Mr.

8

Nolen's supplemental response improperly limits his response to complaints "filed regarding persons working with [him] or on [his] behalf, including for any harassment, sexual or otherwise," thus removing himself from the scope of the interrogatory.

### E.  Tenant Identities

Through interrogatories,[4] the United States seeks information about the identities of tenants and prospective tenants at the defendants' rental properties, including the property addresses and dates associated with their tenancy or rental application. The government argues the Nolens must provide complete responses to the interrogatories based not only on their paper documents, but also on their memories and electronic communications. (ECF No. 56 at 29.)

The Nolens argue they rent approximately 40 properties at numerous locations and have done so for decades. They argue they do not have information responsive to much of the subject interrogatories, and that they elected to produce the entirety of their business records. (ECF No. 56 at 31.)

As set forth above, in order to rely on their document production in this instance, the Nolens must identify the documents that respond to the interrogatories or provide indices designed to guide the searcher to the documents that answer the interrogatories. To the extent the documents do not answer the interrogatories, Mr. Nolen must provide further supplemental responses. Accordingly, the motion to compel is granted as to the requests regarding tenant identities, except for the interrogatory directed to Mrs. Nolen. Mrs. Nolens' interrogatory response sufficiently sets forth that she has no further information and adequately explains why.

### F.  Insurance Policies

The United States seeks production of a Farmers Insurance policy that is paying for certain defense costs, but which has not been produced.[5] (ECF No. 56 at 33.) The Nolens argue the Farmers Insurance Policy is outside the scope of discovery because it does not provide coverage for satisfaction of any judgment. (Id. at 34.) The Nolens cite Fed. R. Civ. Proc.

---

[4] The requests at issue are Interrogatory No. 15 to J. Nolen and Interrogatory No. 13 to S. Nolen.

[5] The requests at issue are RFP No. 28 to J. Nolen and RFP No. 29 to S. Nolen.

1    26(a)(1)(A)(iv) for limiting scope in the manner argued, but the rule pertaining to required initial

2    disclosures is not properly read to limit the scope of the requests currently at issue.

3          In any event, the Nolens represent that they offered to provide the policy in recent meet

4    and confer. Accordingly, the motion to compel is granted on this portion of the dispute to the

5    extent that the Nolens shall produce the Farmers Insurance policy.

6    **IV.    Order**

7          In accordance with the above, IT IS ORDERED as follows:

8          1.     The United States' motion to compel (ECF No. 55) is granted in part and denied in

9    part, as follows:

10                a. Granted as to the requests for the Nolens' ESI;

11                b. Granted as to Interrogatory Nos. 1 & 4 to both Nolens;

12                c. Denied as to RFP Nos. 1-3 to both Nolens;

13                d. Granted as to Interrogatory No. 3 to both defendants;

14                e. Granted as to Interrogatory No. 19 and RFP No. 26 to J. Nolen;

15                f. Granted as to Interrogatory No. 17 and RFP #28 to S. Nolen;

16                g. Granted as to Interrogatory No. 20 and RFP No. 27 to J. Nolen;

17                h. Granted as to Interrogatory No. 18 and RFP No. 28 to S. Nolen;

18                i. Granted as to Interrogatory Nos. 12-14 to J. Nolen;

19                j. Granted as to Interrogatory No. 15 to J. Nolen;

20                k. Denied as to Interrogatory No. 13 to S. Nolen;

21                l. Granted to the extent that the Nolens shall produce the Farmers Insurance

22                policy.

23          2.     The Nolen defendants shall produce responsive documents and provide further

24    interrogatory responses as set forth herein within 21 days of the date of this order.

25    Dated:  May 30, 2024

26                                    _____
                                      CAROLYN K. DELANEY
27    8                               UNITED STATES MAGISTRATE JUDGE
      usa23cv0320.mtc

28