UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEL LYNN NOLEN, et al.,<br><br>Defendants. | No.  2:23-cv-00320-JAM-CKD<br><br><br><br>ORDER |

Plaintiff, United States of America, filed an amended motion for protective order on September 20, 2024. (ECF No. 70.) Upon the parties' stipulation and request, the court shortened time for briefing and heard the motion via videoconference on September 25, 2024. Alan Martinson, Emilia Morris, and Arielle Reid appeared for the government and Jeffrey Schultz appeared and argued for defendants Joel Nolen and Shirley Nolen ("the Nolens"). Having considered the parties' joint statement on the discovery dispute and argument at the hearing, the court grants the motion for protective order. The hearing noticed to take place on October 23, 2024, is vacated.

**I.     Background**

The United States proceeds on an amended complaint filed on April 6, 2023, with claims brought under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604, 3617, 3614(a). (ECF No. 14.) The government alleges defendant, Joel Nolen, subjected female tenants and prospective tenants

1

at the properties defendants owned or managed to discrimination on the basis of sex, including sexual harassment. (Id., ¶¶ 20-24.) The government alleges Shirlee Nolen, Joel Nolen's wife, is vicariously liable and that she knew or should have known about the conduct yet failed to take reasonable preventative or corrective measures she had the authority to take. (Id., ¶ 26.) All defendants, including the Nolens, deny any liability or wrongdoing. (ECF Nos. 35-37.)

The court entered a pretrial scheduling order on September 14, 2023. (ECF No. 44.) Under the scheduling order, as modified, the discovery period ends on September 30, 2024. (ECF No. 60.) On September 23, the parties jointly moved to modify the scheduling order to allow depositions, including any deposition based upon the denial of the present motion, to occur after the close of discovery. (ECF No. 73.)

According to the parties' joint statement on the discovery dispute, on September 5, 2024, counsel for the Nolens reached out to counsel for the United States indicating their intention to seek a deposition of the United States and asking for available dates. (ECF No. 74 at 5.) On September 6, 2024, counsel for the United States indicated they would not agree to make a witness available on the dates requested without seeing the list of proposed topics. (Id.)

On September 10, 2024, the Nolens served their first discovery requests which included a notice of deposition for a Rule 30(b) deposition of the United States to take place on September 24, 2024. (ECF No. 74 at 6.) The notice listed seven topics consisting of the allegations contained in seven paragraphs of the first amended complaint, paragraphs 21 through 26, which alleged sexual harassment by Mr. Nolen, the harm it caused to the aggrieved persons, and Mrs. Nolen's conduct and liability, for the time period 1999 to the present. (Id. at 6.)

The United States filed the amended motion for protective order on September 20, 2024, and the joint statement on the discovery dispute was filed on September 24, 2024. (ECF Nos. 70, 73.) The United States argues the Nolens should be precluded from conducting a Rule 30(b)(6) deposition of a representative of the United States because (1) the topics seek testimony covered by work product protections; (2) a Rule 30(b)(6) deposition is an inappropriate discovery tool for the information sought; (3) the timing of the notice and deposition so close to the discovery deadline is unreasonable; and (4) the noticed topics are overbroad. (ECF No. 74 at 2.)

The Nolens argue the deposition notice was timely served, and that the United States itself served a deposition notice on September 11, 2024, for an in-person deposition in Susanville, California. (ECF No. 74 at 3.) The Nolens argue the United States' concerns regarding attorney-work product or inquiries into attorney-client privileged information are unfounded. (Id.) They argue the noticed deposition is not inappropriate because Rule 30(b) expressly authorizes it, and because the cases cited by the United States are distinguishable. (Id. at 18-21.)

## II.     Legal Standards

Unless otherwise limited by court order, Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A).

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, a party may name an entity, including a governmental agency, as the deponent and the entity "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). Because Rule 30(b)(6) requires the designated deponent to testify about "information known or reasonably available to the organization," the entity designating a 30(b)(6) witness "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) (citation and internal quotation marks omitted).

As explained by the Advisory Committee, the Rule 30(b)(6) deposition

> should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. [….] It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization[.] The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge.

Fed. R. Civ. P. 30, Advisory Committee Notes (1970 Amendments) (internal citation omitted).

### III. Discussion

The Rule 30(b)(6) deposition notice is overbroad, unduly burdensome, and not proportional to the needs of the case, considering the parties' relative access to the information sought and other available, more appropriate discovery tools. Aside from the express language of the rule, the Nolens offer no authority on these points. They also fail to distinguish the present circumstances from applicable reasoning in cases cited by the United States.

As set forth, Rule 30(b)(6) requires the designated deponent to testify about "information known or reasonably available to the organization," and the entity must prepare the designee accordingly. See Brazos River Auth., 469 F.3d at 433 (citation and internal quotation marks omitted); Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3rd Cir. 2000) ("producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)"). "In light of the obligation on the noticed party, courts have recognized a reciprocal obligation by the party seeking the deposition to carefully draft the deposition notice and have repeatedly emphasized the practical constraints on the scope of a [Rule] 30(b)(6) deposition." Reno v. W. Cab Co., No. 2:18-CV-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (internal quotation marks and citation omitted). Thus, "[c]ourts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." Id. (internal quotation marks and citation omitted).

Some courts have required a requesting party to designate topics "with painstaking specificity[.]" See Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 528 (D. Kan. 2006); Willy v. Sherwin-Williams Co., No. 3:21-CV-00054-AR, 2022 WL 1553703, at *3 (D. Or. May 17, 2022) (citing collected cases). Under any construction of the standard for designating topics under Rule 30(b)(6), the topics "must be stated with enough specificity to allow the corporation to designate and prepare a representative to testify[.]" Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019); see also Woods v. Standard Fire Ins. Co., 589 F. Supp. 3d 675, 684 (E.D. Ky. 2022) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not.").

////

4

The Nolens do not dispute that the seven topics noticed here encompass all the alleged sexual harassment by Mr. Nolen, the harm it caused to the aggrieved persons, and Mrs. Nolen's conduct and liability, for the time period 1999 to the present. These topics are so expansive that it would be unreasonable to expect the United States to designate a person or persons to prepare, speak, and bind the government on the noticed topics. Given the breadth of the information requested, the fact that the notice lists only seven topics does not make preparation less burdensome or assist to show the deposition is proportional to the needs of the case. The topics do not have the specificity required by Rule 30(b)(6) and are unworkable. The notice is overbroad and poses an undue burden on the United States.

In addition, the Rule 30(b)(6) notice is disproportionate to the needs of the case given the existence of more appropriate discovery tools. See Willy v. Sherwin-Williams Co., No. 3:21-CV-00054-AR, 2022 WL 1553703, at *6 (D. Or. May 17, 2022) ("a Rule 30(b)(6) deposition should not function as a substitute for undertaking discovery in the first instance"). The Nolens make no attempt to show the United States has engaged in bandying or gamesmanship, the techniques at which Rule 30(b)(6) is directed, at least in part. See Fed. R. Civ. P. 30, Advisory Committee Notes (1970 Amendments).

To the contrary, the Nolens were served with responses to discovery requests by other defendants, which provided information about "when each aggrieved person lived in a Nolen rental property, where they lived, the nature of and general details about the sexual harassment they experienced from Mr. Nolen, and an instance when one of the aggrieved persons told Mrs. Nolen about Mr. Nolen's conduct." (ECF No. 74 at 5.) The Nolens did not seek to depose the aggrieved persons identified to them and did not utilize interrogatories to seek any specific information about the allegations.[1] (Id. at 11.) Given the existence of more appropriate deponents—the aggrieved persons themselves—the Rule 30(b)(6) notice is disproportionate to the needs of the case. See Jones v. Hernandez, No. 16-CV-1986-W(WVG), 2018 WL 539082, at

---

[1] During meet and confer communications, the Nolens suggested, "by way of example," that the United States could designate the nineteen aggrieved persons—the parties who alleged they were harmed by Mr. Nolen's sexual harassment—to testify as the United States' designees. (ECF No. 74 at 7.)

*2 (S.D. Cal. Jan. 23, 2018), objections overruled, No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018) (holding that individual percipient witnesses are the proper deponents when their identities are readily available and no risk of bandying exists).

The Rule 30(b)(6) deposition notice creates an undue burden on the United States which outweighs the benefit to the Nolens under the circumstances. The attempt to gather expansive and detailed facts through a Rule 30(b)(6) deposition at the end of the discovery period—rather than from the individual percipient witnesses—is disproportionate to the needs of the case given the existence of more appropriate discovery tools and more appropriate deponents. Rule 30(b)(6) is not properly used as a catch-all technique at the end of the discovery period to shift the burden for the Nolens' remaining discovery needs to the United States. See Prasad v. George Washington Univ., 323 F.R.D. 88, 99 (D.D.C. 2017).

## IV.   Order

In accordance with the above, IT IS ORDERED as follows:

1. The hearing noticed to take place on October 23, 2024, is vacated;
2. The United States' motion for a protective order (ECF No. 70) is granted; and
3. The court forbids the Nolens' noticed deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Dated:  September 26, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
nole23cv0320.mpo