KRISTEN CLARKE
Assistant Attorney General for Civil Rights
CARRIE PAGNUCCO
Chief
MEGAN K. WHYTE DE VASQUEZ
Deputy Chief
ARIELLE R. L. REID
ALAN A. MARTINSON
KATHERINE A. RAIMONDO
Trial Attorneys
Housing and Civil Enforcement Section
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 598-1575

PHILLIP A. TALBERT
United States Attorney
EMILIA P. E. MORRIS
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Tel: (559) 497-4000

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOEL LYNN NOLEN; SHIRLEE NOLEN; NOLEN PROPERTIES, LLC; NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE.<br><br>　　　　Defendants. | Case No: 2:23-cv-00320-JAM-CKD<br><br>**CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE** |

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

1

## I. INTRODUCTION

1. This Consent Order is entered into between Plaintiff United States of America; Defendant Nancy Canale, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and Defendant Bernard Canale, by and through his successor in interest Nancy Canale (the "Canale Defendants"). This Consent Order partially resolves the above-captioned action brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq*. The United States' Amended Complaint alleges that Defendants Joel Lynn Nolen, Shirlee Nolen, Nolen Properties, LLC (collectively, the "Nolen Defendants"), and the Canale Defendants engaged in a pattern or practice of discrimination on the basis of sex and denied to a group of persons rights granted by the FHA that raise an issue of general public importance. *See* 42 U.S.C. § 3614(a).

2. Specifically, the United States' Amended Complaint alleges that Defendant Joel Nolen subjected tenants and prospective tenants of residential rental properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. The Amended Complaint alleges that the Canale Defendants are vicariously liable for Defendant Joel Nolen's discriminatory conduct that occurred at properties co-owned by the Canale Defendants.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

2

3. The Canale Defendants represent that they are no longer involved in the residential real estate rental business and do not currently have any association with any of the Nolen Defendants.

4. This Consent Order only resolves the United States' claims against the Canale Defendants. It does not resolve the United States' claims against any of the Nolen Defendants.

5. This Consent Order refers collectively to the United States and the Canale Defendants as "the Parties."

6. The Parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

7. The Parties agree that the claims against the Canale Defendants should be resolved without further proceedings. Therefore, as indicated by the signatures appearing below, the United States and the Canale Defendants agree to the entry of this Consent Order.

It is hereby ORDERED, ADJUDGED and DECREED:

## II. TERMS AND DEFINITIONS

8. This Consent Order is effective immediately upon its entry by the Court. The "effective date" of this Consent Order refers to the date on which the Court enters the Consent Order.

9. The provisions of this Consent Order shall apply to the Canale Defendants, their agents, employees, transferees, successors, heirs, and assigns, and all other persons or entities in active concert or participation with them.

10. "Aggrieved Person" means anyone whom the United States determines was harmed by the discriminatory housing practices alleged in the Amended Complaint.

11. "Contact or Communications" includes, but is not limited to, physical contact, verbal contact, telephone calls, e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made directly or through third parties.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

12. "Dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

13. "Property Management Responsibilities" include the following: advertising dwelling units for rent; showing or renting dwelling units; processing rental applications; negotiating rents and security deposits; determining tenant eligibility for subsidies or waivers of fees and rents; inspecting dwelling units; performing or supervising repairs or maintenance at dwelling units; collecting rent or fees; overseeing any aspects of the rental process; or engaging in any other property-related activities that involve, or may involve, personal Contact or Communications with tenants or prospective tenants.

### III. INUNCTIVE RELIEF

14. The Canale Defendants are permanently enjoined from hiring, retaining, or otherwise using or relying on defendants Joel Lynn Nolen or Shirlee Nolen for any purpose, whether or not for compensation, related to the management, operation, or maintenance of rental properties, including but not limited to any Property Management Responsibilities. Any person hired or retained by the Canale Defendants to perform Property Management Responsibilities shall have no current or past employment, financial, contractual, personal, or familial relationship with Joel Lynn Nolen or Shirlee Nolen.

15. The Canale Defendants are permanently enjoined, with respect to the rental of dwellings, from:
    a. Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, refusing to negotiate for the rental or sale of a dwelling, or otherwise making unavailable or denying a dwelling to any person because of sex;
    b. Discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex;

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

4

    c. Making any statement, oral or written, in connection with the rental or sale of a dwelling, that expresses or indicates any preference, limitation, or discrimination, or an intent to make any such preference, limitation, or discrimination, because of sex; or

    d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

16. If any Canale Defendant reenters the residential rental property business and acquires ownership, management responsibility, or control of a property intended for use as a residential rental property, or if any Canale Defendant decides to use a property it already has ownership, management responsibility, or control of as a residential rental property, that Defendant must comply with the following requirements within fourteen (14) days of acquiring such interest or deciding to use the property as a residential rental property:

    a. Provide written notification to the United States, identifying the property and the nature of the interest acquired. The Defendant will further provide the United States with copies of any documents memorializing the transfer or creation of the interest in the property;

    b. Implement, subject to the United States' approval, a written Nondiscrimination Policy and Complaint Procedure regarding the protections of the Fair Housing Act, including a prohibition against sexual harassment. Following the United States' approval, the Nondiscrimination Policy and Complaint Procedure must be provided to all persons performing Property Management Responsibilities at the property, distributed to all tenants, and attached to the lease of every new tenant;

    c. Attend, and require any persons involved in performing Property Management Responsibilities at the property to attend and provide proof of completion of a live training on the Fair Housing Act. The training shall be conducted by a qualified

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

5

        third party, independent of the Canale Defendants or their counsel, approved in advance by the United States. At a minimum, the training will consist of instruction on the requirements of the Fair Housing Act, with an emphasis on sexual harassment, and a question-and-answer session for the purpose of reviewing this topic. Any expenses associated with this training will be borne by the Canale Defendants. The Canale Defendants will obtain from the trainer a certificate of attendance and provide proof of completion of such training to the United States. All attendees shall be provided a copy of this Consent Order before or at the training;

    d. Post an "Equal Housing Opportunity" sign in each office or location in which rental activity is conducted, which indicates that all dwellings are available for rent on a nondiscriminatory basis. An 11-inch by 14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement. Such poster will be placed in a prominent, well-lit location where it is easily readable. Defendants may use HUD Form 928, available at:

https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf; and

    e. Require that any advertising, including online, print, radio, television or other media, signs, pamphlets, brochures, and other promotional literature complies with HUD advertising guidelines, available on the HUD website at:

https://www.hud.gov/sites/dfiles/FHEO/documents/BBE%20Part%20109%20Fair%20Housing%20Advertising.pdf.

### IV.  MONETARY DAMAGES FOR AGGRIEVED PERSONS

17. The Canale Defendants shall pay a total sum of one hundred thousand dollars ($100,000) for the sole purpose of paying monetary damages to the Aggrieved Persons identified by the United States. This money will be referred to as "the Settlement Fund."

18. Within twenty (20) days of the effective date of this Consent Order, Defendant will pay the $100,000 Settlement Fund into a trust account held by Jacobs, Anderson, Potter,

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

6

Harvey & Cecil, LLP and provide proof to the United States that the account has been established and the Settlement Fund fully funded. Any interest accrued shall be distributed to recipients identified by the United States under Paragraph 19.

19. Within ninety (90) days following the final resolution (i.e., settlement or judgment) of claims in this civil action, the United States shall, in its sole discretion, make and communicate in writing to counsel for the Canale Defendants its determination as to which persons are Aggrieved Persons entitled to compensation from the Settlement Fund and the amount of damages to be paid to each. The Canale Defendants hereby waive the right to dispute the United States' determinations in this or any other proceeding.

20. Within ten (10) days of the receipt of the United States' determinations, the Canale Defendants, through counsel, shall deliver to counsel for the United States, by overnight delivery, a check payable to each Aggrieved Person in the amount specified.[1]

21. Counsel for the United States will obtain a signed release (in the form of Attachment A) from each Aggrieved Person. No Aggrieved Person will receive a check until that person has executed and delivered to counsel for the United States a signed release. After the United States has distributed the checks, it will provide copies of the signed releases to the Canale Defendants.

22. The monetary damages required to be paid under this Section are a debt within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, the Canale Defendants will not seek to discharge any part of this debt in bankruptcy.

**V.   DOCUMENT RETENTION & COMPLIANCE REVIEW**

23. Until all material terms of this Consent Order have been satisfied as agreed upon by the Parties in writing, or until final dismissal of the United States' claims against all

---

[1] All notices and materials required by this Consent Order to be sent to counsel for the United States shall be sent by private business carrier (non-USPS) delivery service addressed as follows: Chief, Housing & Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 150 M Street, N.E., Washington, DC 20002, Attn: DJ 175-11E-199, or as otherwise directed by the United States. Correspondence may also be sent via electronic mail to the U.S. Department of Justice, care of the undersigned counsel for the United States.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

|   |   |   |
|---|---|---|
| 1 |  | defendants in the litigation, whichever is later, the Canale Defendants are required to |
| 2 |  | preserve all records related to this Consent Order. |
| 3 | 24. | The United States may review compliance with this Consent Order at any time, including, but not limited to, conducting fair housing tests at any property covered by Paragraph 16.  The Canale Defendants shall cooperate with the United States in any review of compliance with this Consent Order.  Upon reasonable notice, representatives of the United States shall be permitted to inspect and copy any records of the Canale Defendants bearing on compliance with this Consent Order at any and all reasonable times, provided, however, that the United States shall endeavor to minimize any inconvenience from such inspections. |
| 11 | 25. | During the pendency of any aspect of this civil action against any defendant, the Canale Defendants shall preserve and provide to the United States non-privileged information relevant to the claims and defenses in this civil action. Subject to law and the Federal Rules of Civil Procedure and Evidence, this includes, but is not limited to, accepting service of and complying with lawful subpoenas for information and testimony, including at deposition, hearings, and at trial. |

## VI.   DURATION, MODIFICATION, AND ENFORCEMENT

| 18 | 26. | Unless otherwise specified or extended pursuant to Paragraph 27, the provisions of this Consent Order will be in effect for a period of five (5) years from the effective date. The Court will retain jurisdiction for the purpose of enforcing or interpreting the provisions of this Consent Order. The United States may move the Court to extend the terms of this Consent Order in the event of noncompliance with any of its terms, or if the interests of justice so require. |
|---|---|---|
| 24 | 27. | Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties. |
| 26 | 28. | Except as provided in Paragraph 27, any modifications to the provisions of this Consent Order must be approved by the Court. |

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

29. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by either or both of the Canale Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, civil contempt proceedings, an order requiring performance or non-performance of certain acts, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

30. Except as otherwise provided in Paragraph 29, the Parties will bear their own costs and attorneys' fees associated with this litigation.

IT IS SO ORDERED.

Dated: September 26, 2024          /s/ John A. Mendez
                                   THE HONORABLE JOHN A. MENDEZ
                                   SENIOR UNITED STATES DISTRICT JUDGE

By their signatures below, the Parties consent to the entry of this Consent Order.

*For the United States:*

Dated: SEPTEMBER 19, 2024

| PHILLIP A. TALBERT | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| Eastern District of California | Civil Rights Division |

/s/ Emilia P.E. Morris            /s/ Arielle R.L. Reid
EMILIA P. E. MORRIS               CARRIE PAGNUCCO
Assistant United States Attorney  Chief
                                  MEGAN K. WHYTE DE VASQUEZ
                                  Deputy Chief

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

ARIELLE R. L. REID
ALAN A. MARTINSON
KATHERINE A. RAIMONDO
Trial Attorneys

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

1  *For NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE:*

2

3  Dated: SEPTEMBER 19, 2024

4                                                  JACOBS, ANDERSON, POTTER,
5                                                  HARVEY & CECIL, LLP

6                                                  /s/ Andrea M. Wieder
                                                Andrea M. Wieder

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST NANCY CANALE, AS TRUSTEE OF THE BERNARD CANALE AND NANCY CANALE 1998 REVOCABLE TRUST, AND BERNARD CANALE, BY AND THROUGH HIS SUCCESSOR IN INTEREST NANCY CANALE

11

**Attachment A**

**Release of Claims**

In consideration for the Parties' agreement to the terms of the Consent Order they entered into in the case of *United States v. Joel Lynn Nolen, et al.*, 2:23-cv-00320-JAM-CKD (E.D. Cal.), as approved by the United States District Court for the Eastern District of California, and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge Nancy Canale, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust and Bernard Canale, by and through his successor in interest Nancy Canale, from any and all fair housing sexual discrimination claims based on the facts set forth in the Amended Complaint in the action named above that I may have had against them as of the entry of this Consent Order. This does not release claims I have against Joel Lynn Nolen, Shirlee Nolen, or Nolen Properties, LLC.

I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Executed this _____ day of _____, 202_.

_____
Signature

_____
Print Name