UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cv-00320-JAM-CKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| JOEL LYNN NOLEN; SHIRLEE NOLEN; NOLEN PROPERTIES, LLC; NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE, | |
| Defendants. | |

Before the Court is the United States' ("the Government") motion for partial summary judgment. See Gov't Mot., ECF No. 85. Defendants Joel and Shirlee Nolen and Defendant Nolen Properties, LLC (collectively, the "Defendants") filed oppositions to the Government's motion and the Government subsequently replied. See Nolen Opp'n, ECF No. 93; Nolen Properties Opp'n, ECF No. 95; Gov't Reply, ECF No. 96. For the following reasons, the Court GRANTS in part and DENIES in part the Government's motion for partial summary judgment.

I.   FACTUAL BACKGROUND

This case arises from alleged civil rights violations under the Fair Housing Act, 42 U.S.C. Section 3601 et seq. ("FHA").

1

The Government asserts in its Amended Complaint that Defendant Joel Nolen engaged in a pattern or practice of discrimination on the basis of sex committed through various acts of retaliation and sexual harassment of tenants in violation of the FHA. See Amended Compl., ECF No. 14. The Amended Complaint further alleges that Defendant Shirlee Nolen, Joel Nolen's wife and a co-owner of the rental properties is vicariously liable. Id.

The Government also maintains that in 2009, the Nolens established Nolen Properties, LLC ("the LLC") as a holding company for their properties. See Gov't Mot. at 1, ECF No. 85. Nolen Properties held title to 38 of the Nolens' rental properties from 2009 to 2013. Id. In 2013, the Nolens transferred their properties back into their own names and in 2015, Nolen Properties, LLC was dissolved. Id. On these facts, the Government has moved for partial summary judgment seeking to establish that Shirlee Nolen is vicariously liable for Joel Nolen's not yet proven violations of the FHA, that Shirlee Nolen is liable for punitive damages, and that the Court should pierce the corporate veil of Nolen Properties, LLC to hold Joel and Shirlee Nolen personally liable for the alleged misconduct.

## II. OPINION

### A. Legal Standard

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"[C]ourts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)). An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

B.  Analysis

    1.  Shirlee Nolen's Vicarious Liability

The Government seeks partial summary judgment as to Shirlee Nolen's vicarious liability, arguing that Joel Nolen operated as her agent at all relevant times of the purported unlawful conduct. See Gov't Mot. at 3-5, ECF No. 85. Defendants argue that there are insufficient facts to support a finding on Shirlee Nolen's vicarious liability because Shirlee Nolen did not have notice of Mr. Nolen's misconduct. See Nolen Opp'n at 5. The Court agrees with the Government.

While the Government has not moved for summary judgment on its substantive underlying civil rights claims pertaining to Joel Nolen's own liability, the Court finds that there are sufficient undisputed facts to support a finding of vicarious liability against Mrs. Nolen under current law. To determine whether a principal-agent relationship exists, courts consider: 1) "the manifestation of consent" by the principal that the agent shall act on her behalf, 2) "consent by the [agent] so to

3

act," and 3) whether the principal had "control (or the right to direct or control)." Meyer v. Holley, 537 U.S. 280, 286 (2003).

The undisputed facts show that Shirlee Nolen gave actual or implied consent for Joel Nolen to act on her behalf in the operations of their rental properties by allowing Mr. Nolen to oversee and manage the properties. See Statement of Undisputed Material Facts ("SUMF") ¶¶ 30, 40-54. Specifically, she is aware that he sets prices for the rentals, makes the final decision in who becomes a tenant, communicates with maintenance workers, communicates with tenants, and takes actions to evict tenants. SUMF ¶¶ 9-13, 42, 51, 52. The undisputed facts also demonstrate that Mrs. Nolen had legal control of the properties by virtue of being a co-owner. See Gov't Mot. at 4.

While Defendants argue that Mrs. Nolen had a minimal role in the operations of the rental properties and that she was not on notice of Mr. Nolen's alleged misconduct, SUMF ¶¶ 31-39; Nolen Opp'n at 5, this minimal role is sufficient to establish her vicarious liability as a co-owner because the FHA does not require notice of misconduct to be liable under a principal-agent theory.

Under the FHA, a person may be held vicariously liable for a discriminatory housing practice by the person's agent "regardless of whether the person knew or should have known" of the of the misconduct. 24 C.F.R. § 100.7(b). This regulation codifies Meyer v. Holley, 537 U.S. 280 (2003), where the Supreme Court held that the FHA "provides for vicarious liability" and that "traditional vicarious liability rules ordinarily make principals . . . vicariously liable for the acts of their agents

4

. . . in the scope of their authority," regardless of whether the principal authorized or knew of the acts at issue. Id. at 285-86.

As the Government points out, property owners, including spouses who co-own property, have been held vicariously liable for the discriminatory actions of their rental agents. See, e.g., Bischoff v. Brittain, 183 F. Supp. 3d 1080, 1092 (E.D. Cal. 2016). Moreover, the Defendants have offered to stipulate to Mrs. Nolen's vicarious liability should there be a finding against Mr. Nolen. See Nolen Opp'n at 5. Thus, the Court finds that viewing the facts in the light most favorable to the Defendants, the Government has met its burden and grants partial summary judgment as to Shirlee Nolen's vicarious liability for Joel Nolen's purported misconduct.

### 2. Shirlee Nolen's Liability for Potential Punitive Damages

While there are sufficient undisputed facts to support a determination of Shirlee Nolen's vicarious liability, the Court does not find that there are enough undisputed facts to demonstrate Mrs. Nolen's potential liability for punitive damages. As Defendants point out, punitive damages are a fact-driven determination and Joel Nolen's own liability for punitive damages remains unproven at this stage of the litigation. See Nolen Opp'n at 7.

To obtain punitive damages under the FHA, a plaintiff must show that a defendant's conduct was motivated by evil motive or intent, or that the conduct involved reckless or callous indifference to the federally protected rights of others. See

1  Fair Housing of Matin v. Combs, 285 F.3d 899, 906 (9th Cir.
2  2002).  However, punitive damages determinations in the
3  principal-agent and vicarious liability contexts have not been
4  fully explicated in this circuit.  The Government does not cite
5  to any authority within the Ninth Circuit where a defendant has
6  been held vicariously liable for punitive damages in the FHA
7  context.  Instead, both parties acknowledge that the Ninth
8  Circuit has yet to address vicarious liability for punitive
9  damages under the FHA.  See Gov't Mot. at 7; Nolen Opp'n at 6
10 (citing United States v. Salazar, No. 1:23-cv-01282-JLT-CDB,
11 2024 WL 3858714, at *12 (E.D. Cal. 2024)).

12      Here, the undisputed facts show that Mrs. Nolen had a
13 minimal role in the rental business and Defendants contend that
14 Mrs. Nolen had no reason to be aware of any alleged misconduct
15 by Mr. Nolen.  See Nolen Opp'n at 7.  These facts do not give
16 rise to a determination as a matter of law that Mrs. Nolen was
17 recklessly indifferent, and a reasonable jury could find that
18 punitive damages are not sufficiently proven.

19      Given the lack of controlling authority in the Ninth
20 Circuit and the fact that Mr. Nolen's liability is not yet
21 determined, the Court declines to grant summary judgment on the
22 issue of Shirlee Nolen's liability for punitive damages and
23 leaves this determination for the jury or until the substantive
24 merits of the underlying FHA violations by Mr. Nolen are
25 adjudicated.
26 ///
27 ///
28 ///

### 3. Joel and Shirlee Nolen's Potential Personal Liability for Misconduct Related to Nolen Properties, LLC Under Alter Ego Theory

The Government further moves for partial summary judgment on its claim that Nolen Properties, LLC is the alter ego of Joel and Shirlee Nolen and requests that the Court pierce the corporate veil to hold the Nolens personally liable for Joel Nolen's purported misconduct related to the LLC. See Mot. at 10-15. Defendants argue that this determination is premature and dispute the Government's contentions that Nolen Properties, LLC was an illegitimate company. See Nolen Opp'n at 8. Specifically, Defendants maintain that the LLC's liability has not yet been decided, that the LLC was adequately capitalized, that LLC funds were not co-mingled, and that substantial injustice and fraud have not yet been shown. Id.; Nolen Properties Opp'n 7-22.

The Court agrees with Defendants that the request to pierce the corporate veil is premature at this juncture. In its reply brief, the Government cites four cases for its contention that a corporate veil piercing analysis is appropriate. See Gov't Reply at 5-6 (citing Harwood v. Int'l Est. Planners, 33 App'x 903 (9th Cir. 2002); Trinidad v. Pangelinan, 32 F. App'x 357 (9th Cir. 2002); In re Brugnara Properties VI, 606 B.R. 371 (Bankr. N.D. Cal. 2019); Laborers' Pension Fund v. Lay-com, Inc., 580 F.3d 602 (7th Cir. 2009)).

However, these cases are neither procedurally nor substantively analogous to the case before this court. In Harwood, the district court below ruled against the named

7

individuals on the underlying substantive contract breach and civil RICO claims in conjunction with its veil-piercing analysis. 33 Fed. App'x 903, 904 (9th Cir. 2002). In Trinidad, the district court below ruled on the underlying fraud and civil RICO charges against the named individuals before reaching the veil-piercing analysis. 32 Fed. Appx. 357, 358 (9th Cir 2002). In re Brugnara dealt with a bankruptcy proceeding where the underlying tax debts and nominee liens had already been attached to property owned by debtors before the corporate veil was pierced. 606 B.R. 371, 375 (Bankr. N.D. Cal. 2019). Finally, in Laborers' Pension Fund v. Lay-Com, plaintiffs had already won a default judgment establishing defendant's liability before the corporate veil was pierced. 580 F.3d 602, 606 (7th Cir. 2009).

Unlike this case, in each of the cases cited by the Government, the substantive misconduct forming the basis of the complaint had already been adjudicated prior to or concomitantly with a veil-piercing analysis. Thus, given the lack of persuasive or controlling authority in a similar procedural posture, the Court declines to pre-emptively pierce the corporate veil prior to determination of liability for the LLC or before the adjudication of the underlying civil rights violations. Given this procedural barrier, the Court need not reach the merits of the corporate veil piercing analysis and reserves this issue for determination at trial. Accordingly, the Court declines to grant partial summary judgment on the Nolens' personal liability based on an alter ego theory.

### III.  ORDER

For the reasons set forth above, the Court GRANTS the

Government's motion for partial summary judgment on Shirlee Nolen's vicarious liability and DENIES the Government's motion for partial summary judgment on Shirlee Nolen's prospective punitive damages and Joel and Shirlee Nolen's personal liability for purported misconduct related to Nolen Properties, LLC under alter ego theory.

IT IS SO ORDERED.

Dated:  March 11, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE