HARMEET K. DHILLON
Assistant Attorney General
MICHAEL E. GATES
Deputy Assistant Attorney General
CARRIE PAGNUCCO
Chief
AMIE S. MURPHY
Deputy Chief
ARIELLE R. L. REID
ALAN A. MARTINSON
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 598-1575

MICHELE BECKWITH
Acting United States Attorney
EMILIA P. E. MORRIS
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Tel: (559) 497-4000

Attorneys for Plaintiff United States of America

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     vs.<br><br>JOEL LYNN NOLEN; SHIRLEE NOLEN; NOLEN PROPERTIES, LLC; NANCY CANALE, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and BERNARD CANALE, by and through his successor in interest NANCY CANALE.<br><br>     Defendants. | Case No: 2:23-cv-00320-JAM-CKD<br><br>**CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC** |

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

1

## I.   INTRODUCTION

1.      This Consent Order is entered into between Plaintiff United States of America; and Defendants Joel Lynn Nolen, Shirlee Nolen, and Nolen Properties, LLC (collectively, the "Nolen Defendants").  This Consent Order resolves the remaining claims in the above-captioned action brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.*  The Court previously entered a consent order resolving the United States' allegations against Defendant Nancy Canale, as trustee of the Bernard Canale and Nancy Canale 1998 Revocable Trust; and Defendant Bernard Canale, by and through his successor in interest Nancy Canale (the "Canale Defendants").  *See* ECF No. 78.  The United States' Amended Complaint alleges that the Nolen Defendants and the Canale Defendants engaged in a pattern or practice of discrimination on the basis of sex and denied to a group of persons rights granted by the FHA that raise an issue of general public importance.  *See* 42 U.S.C. § 3614(a).

2.      Specifically, the United States' Amended Complaint alleges that Defendant Joel Nolen subjected tenants and prospective tenants of residential rental properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment.  The Amended Complaint alleges that Shirlee Nolen and Nolen Properties, LLC are vicariously liable for Defendant Joel Nolen's discriminatory conduct that occurred at properties they owned or co-owned.

3.      This Consent Order refers collectively to the United States and the Nolen Defendants as "the Parties."

4.      The Parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

5.      The Parties agree that the claims against the Nolen Defendants should be resolved without further proceedings.  Therefore, as indicated by the signatures appearing below, the United States and the Nolen Defendants agree to the entry of this Consent Order.

It is hereby ORDERED, ADJUDGED and DECREED:

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

## II.    TERMS AND DEFINITIONS

6.    This Consent Order is effective immediately upon its entry by the Court. The "effective date" of this Consent Order refers to the date on which the Court enters the Consent Order.

7.    The provisions of this Consent Order shall apply to the Nolen Defendants, their agents, employees, and all other persons or entities in active concert or participation with them.

8.    "Aggrieved Person" means anyone the United States intended to seek damages for at trial, listed on the Parties' Joint Pretrial Statement, ECF No. 101, at 9.

9.    "Arms-length transaction" is one that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.

10.    "Independent Third-Party Purchaser" is one with whom the Nolen Defendants have no current or past financial, contractual, personal, or familial relationship.

11.    "Contact or Communications" includes, but is not limited to, physical contact, verbal contact, telephone calls, e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made directly or through third parties.

12.    "Covered Property" or "Covered Properties" refers to any residential rental property that is owned, leased, managed, operated, or controlled (either currently or at any time during the term of this Consent Order), in whole or in part, by any of the Nolen Defendants; any entity of which a Nolen Defendant is an officer, agent, employee, or partner; or any entity in which a Nolen Defendant has any ownership, financial, or controlling interest.  A Nolen Defendant is only responsible for Covered Properties in which it has direct or indirect ownership, management, financial, or controlling interest.

13.    "Dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

///

///

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

3

## III.    INJUNCTIVE RELIEF

### A.  Prohibition Against Discrimination and Retaliation Under the Fair Housing Act

14.    The Nolen Defendants are permanently enjoined, with respect to the rental of dwellings, from:

a.  Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, refusing to negotiate for the rental or sale of a dwelling, or otherwise making unavailable or denying a dwelling to any person because of sex;

b.  Discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex;

c.  Making any statement, oral or written, in connection with the rental or sale of a dwelling, that expresses or indicates any preference, limitation, or discrimination, or an intent to make any such preference, limitation, or discrimination, because of sex; or

d.  Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, including by retaliating against any persons exercising their rights under this Consent Order.

### B.  Injunction

#### 1.  Prohibition Against Contact with Aggrieved Persons and Their Families

15.    The Nolen Defendants are permanently prohibited from purposefully or knowingly engaging in Contact or Communications, either directly or indirectly, with: (1) any Aggrieved Person, and (2) any person whom the Nolen Defendants know or believe to be a family member or close relation to an Aggrieved Person.

16.    If the Nolen Defendants inadvertently or unintentionally have any Contact or Communications with an individual in the categories identified in Paragraph 15, they will

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

immediately discontinue the Contact or Communication and take all reasonable steps to avoid any further Contact or Communication. The Nolen Defendants shall not be required to rent to any Aggrieved Person.

**2.  Requirement to Retain Independent Property Manager**

17.     Within one hundred and eighty (180) days of the effective date of this Consent Order, the Nolen Defendants will retain an Independent Manager, subject to non-objection by the United States, to perform, at all Covered Properties, those property management responsibilities set forth in Attachment A as designated responsibilities of the Independent Manager and any other responsibilities as agreed between the Nolen Defendants and the Independent Manager. The United States will not unreasonably object to the proposed Independent Manager, if that individual satisfies the requirements of Paragraph 18.

18.     An "Independent Manager" is an individual or entity experienced in managing rental properties and who has no current or past personal or familial relationship with any Nolen Defendant.

19.     Prior to the retention of the Independent Manager, as set forth in Paragraph 17, a person other than Joel Nolen who does not meet the qualifications to serve as the Independent Manager may perform, at all Covered Properties, all property management responsibilities set forth in Attachment A as designated responsibilities of the Independent Manager, subject to non-objection by the United States. Within seven (7) days of the effective date of the Consent Order, the Nolen Defendants shall provide to counsel for the United States the name of the individual or individuals who have assumed the responsibilities of the Independent Manager set forth in Attachment A.[1]   The Nolen Defendants may have Contact or Communications with the

---

[1] All notices and materials required by this Consent Order to be sent to counsel for the United States shall be sent by private business carrier (non-USPS) delivery service addressed as follows: Chief, Housing & Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 150 M Street, N.E., Washington, DC 20002, Attn: DJ 175-11E-199, or as otherwise directed by the United States. Correspondence may also be sent via electronic mail to the U.S. Department of Justice, care of the undersigned counsel for the United States.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

individual designated under this paragraph notwithstanding the restrictions set forth in Paragraph 28.

20.  The Nolen Defendants shall make diligent efforts to identify an Independent Manager in accordance with Paragraph 17.  Within thirty (30) days of the effective date of this Consent Order, and every thirty (30) days thereafter until the Nolen Defendants have retained an Independent Manager subject to non-objection by the United States, the Nolen Defendants shall provide reports to counsel for the United States explaining the status of selecting and retaining an Independent Manager, including the efforts they have made to identify a manager, who they have contacted, and planned next steps.

21.  Within one hundred and fifty (150) days of the effective date of this Consent Order, the Parties will file a joint report with the Court on the status of the Nolen Defendants' identification and hiring of an Independent Manager.

22.  Within ten (10) days of the selection and hiring of the Independent Manager, the Parties will file a joint report with the Court confirming that the Nolen Defendants retained an Independent Manager subject to non-objection by the United States.

23.  If, after retaining an Independent Manager, the Nolen Defendants wish to change the Independent Manager for any reason, they will submit the name of the prospective new manager, in writing, to the United States for non-objection at least ten (10) days prior to retaining the individual or entity.

24.  Within forty-five (45) days of the Nolen Defendants' notification to the United States regarding a change in the Independent Manager, the Parties will file a joint report with the Court confirming that the Nolen Defendants retained a new Independent Manager subject to non-

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

6

1  objection by the United States, or otherwise reporting on the status of the Nolen Defendants'

2  identification and hiring of a new Independent Manager.

3      25.    The United States may communicate directly with the Independent Manager or

4  the individual or individuals designated in Paragraph 19 as needed to ensure the Nolen

5  Defendants' compliance with the terms of this Consent Order.

6      26.    The Nolen Defendants shall ensure that the Independent Manager and the

7  individual or individuals designated in Paragraph 19 are aware of this Consent Order and of the

8  requirements set forth in Attachment A and Sections III and VII.

9              **3.  Prohibition Against Property Management**

10     27.    The Nolen Defendants are permanently enjoined from directly or indirectly

11  performing, at any residential rental property owned by them or others, those property

12  management responsibilities set forth in Attachment A as designated responsibilities of the

13  Independent Manager.  The Nolen Defendants may perform those property management

14  responsibilities set forth in Attachment A as designated responsibilities of the Nolen Defendants

15  and any other responsibilities not set forth in Attachment A as agreed between the Nolen

16  Defendants and the Independent Manager.

17     28.    The Nolen Defendants are permanently enjoined from having Contact and

18  Communications with current tenants or prospective tenants.  All Contact and Communications

19  with current tenants or prospective tenants must be done through the Independent Manager or,

20  until an Independent Manager is retained, through the individual or individuals designated in

21  Paragraph 19.  Notwithstanding the provisions of this Paragraph, the Nolen Defendants may

22  appear in court for any litigation-related purpose related to a lawsuit in which any Nolen

23  Defendant is a party or witness and a current or former tenant is a party or witness.

24     29.    Defendant Joel Nolen is permanently prohibited from entering any part of a

25  Covered Property unless the property is unoccupied and Defendant Joel Nolen is accompanied

26  by the Independent Manager or the person designated in Paragraph 19.  This includes all areas of

27  a dwelling, the property on which it sits, and facilities that are provided in connection with a

28  Covered Property, including basements, communal spaces, yards, parking areas, and garages.

Notwithstanding the provisions of this paragraph, Defendant Joel Nolen may enter an unoccupied Covered Property without accompaniment for the sole purpose of preparing that Covered Property for sale, including to perform maintenance or repairs and for approval of any necessary repairs to be done by others.  The exclusion shall not relieve the Nolen Defendants from any other obligations in this Consent Order, specifically those related to Contact and Communications with current or prospective tenants.

30.    The Nolen Defendants will perform the actions described in Subparagraphs (a) through (e) through the Independent Manager or the individual or individuals designated in Paragraph 19 for any Covered Property.  The Independent Manager shall continue to perform these actions throughout the term of this Consent Order.

a.  Implement and maintain the policy against sexual harassment and discrimination as described in Paragraph 34.

b.  Ensure that the individual or individuals identified in Paragraph 19, the Independent Manager, and any agents or employees of the Nolen Defendants or the Independent Manager who are involved in decisions to grant or deny tenancy or to enforce the terms of leases, are familiar with the requirements of this Order and have complied with the training requirements set forth in Paragraphs 35-36.

c.  Post and maintain an "Equal Housing Opportunity" sign in any rental office or location through which the properties are rented, which indicates that all properties are available for rent on a nondiscriminatory basis.  The signs shall be posted within thirty (30) days of the effective date of this Order.  An 11-inch by 14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.  Such sign will be placed in a prominent, well-lit location where it is easily readable.  The Nolen Defendants may use HUD Form 928, available at: https://www.hud.gov/sites/documents/928.1.pdf.

d.  Require that all advertising in newspapers, telephone directories, radio, television, Internet websites, social media, or other media, and all billboards, signs, pamphlets, brochures, and other promotional literature, include a fair housing

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

8

logo, the words "equal opportunity housing provider," and/or the following
sentences: "We are an equal opportunity housing provider.  We do not
discriminate on the basis of race, color, national origin, religion, sex, familial
status, or disability."  The words or logo will be legible and prominently placed.

    e.   Provide any information reasonably related to compliance with this Consent
       Order that is requested by the United States.

31.    If the Nolen Defendants acquire direct or indirect ownership, management, financial or controlling interest in any residential rental property—other than a residential property occupied solely by Defendants Joel or Shirlee Nolen or their immediate family—such property will be a Covered Property for purposes of this Consent Order.  During the term of this Consent Order, within seven (7) days of acquiring such an interest, the Nolen Defendants must provide written notification to the United States, identifying the property and the nature of the interest acquired, and provide the United States with copies of any documents memorializing the transfer or creation of the interest in the property.

    a.   Any property purchased by the Nolen Defendants that will not be a rental
       property, including to be remodeled or renovated and resold shall not be
       considered a residential rental property or a Covered Property.  Should the Nolen
       Defendants seek to make such a property available for rent, such property will
       become a Covered Property.  Within seven (7) days of making such a property
       available for rent, the Nolen Defendants must provide written notification to the
       United States, identifying the property.

32.    If the Nolen Defendants subsequently sell or transfer any Covered Property to an Independent Third-Party Purchaser in an arms-length transaction, such property will no longer be considered a Covered Property for purposes of this Consent Order.  During the term of this Consent Order, the Nolen Defendants will inform the United States within seven (7) days of any such transaction and provide documentation sufficient to confirm the sale or transfer.

33.    If the Nolen Defendants transfer or sell a Covered Property to an individual or entity, including any trust, that does not qualify as an Independent Third-Party Purchaser, the

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

9

Nolen Defendants will not retain or maintain any direct or indirect control over such Covered Properties and shall abide by the prohibitions in Paragraphs 27-29 as to those properties. During the term of this Consent Order, the Nolen Defendants will inform the United States within seven (7) days of any such transaction and provide documentation sufficient to confirm the sale or transfer, including contact information for the purchaser or transferee.

### 4. Fair Housing Act Policies, Complaint Procedure, and Training

34.     The Nolen Defendants shall implement a written Nondiscrimination Policy and Complaint Procedure at all Covered Properties consistent with the following:

a. Within forty-five (45) days of the effective date of this Order, the Nolen Defendants will provide to the United States, for non-objection, a proposed written Nondiscrimination Policy and Complaint Procedure. If the United States objects to the proposed Nondiscrimination Policy and Complaint Procedure, the Nolen Defendants will have fifteen (15) days from such notification to submit a revised policy. This process will continue until a policy is approved by the United States.

b. The written Nondiscrimination Policy and Complaint Procedure shall cover the protections of the Fair Housing Act, including a prohibition against sexual harassment, and shall include a formal complaint procedure for reporting harassment or discrimination.

c. Within ten (10) days of the United States' non-objection of the Nondiscrimination Policy and Complaint Procedure, the Nolen Defendants shall adopt and implement the Nondiscrimination Policy and Complaint Procedure and ensure a copy is provided in English and Spanish to each current residential tenant at a Covered Property and to all employees, agents, and any other persons involved in the rental or management of Covered Properties. If an Independent Manager has been retained at the time of implementation, then the Independent Manager shall be responsible for providing a copy of the policy and procedure to tenants. The Nolen Defendants will provide the United States with documentation confirming

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

that the Nondiscrimination Policy and Complaint Procedure has been distributed in accordance with this Paragraph within ten (10) days of such distribution.

d.   The Nolen Defendants shall ensure that the Nondiscrimination Policy and Complaint Procedure is provided to all new tenants at the time of lease signing for the duration of this Order.

e.   Any changes to the Nondiscrimination Policy and Complaint Procedure must be submitted to the United States for non-objection prior to implementation.

35.    Within sixty (60) days of the effective date of this Consent Order, the Nolen Defendants, the individual or individuals designated in Paragraph 19, any person involved in the rental or management of any Covered Property, and any employees or agents who supervise such persons, shall attend a training on the Fair Housing Act, including the Fair Housing Act's prohibition of sex discrimination and sexual harassment.

a.   The training shall be conducted consistent with the following:

i.   The training shall be a live training, which may include training provided by streaming or video service (e.g., Zoom);

ii.   Training shall be conducted by a qualified third party, independent of the Nolen Defendants, their counsel, and any Independent Manager retained under this Order and shall be subject to non-objection by the United States;

iii.   The Nolen Defendants shall submit to the United States the name and contact information of the person or organization proposed to provide training no fewer than fourteen (14) days before the training date;

iv.   At a minimum, training will consist of instruction on the requirements of the Fair Housing Act, with an emphasis on sexual harassment and a question-and-answer session for the purpose of reviewing this topic;

v.   Prior to the training, each individual attending the training will be provided a copy of this Consent Order;

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

      vi.  Each individual who receives training shall execute a Certificate of Training, attached to this Consent Order as Attachment B, and the Nolen Defendants shall provide these certificates to the United States within ten (10) days of completion of the training; and

      vii.  Any expenses associated with this training will be borne by the Nolen Defendants.

b.  The Nolen Defendants shall take reasonable steps to verify any Independent Manager retained has attended or within sixty (60) days of retention will attend a training that complies with Subparts (a)(i), (a)(ii), & (a)(iv). The Nolen Defendants shall be entitled to rely upon an Independent Manager's representation that they have received training regarding the Fair Housing Act as described in this Paragraph.

36.    During the term of this Consent Order, all new agents or employees of the Nolen Defendants, including any new Independent Manager, or agents or employees of the Independent Manager, who are involved in the rental or management of Covered Properties shall, no later than fourteen (14) days of commencing an employment or agency relationship with the Nolen Defendants or the Independent Manager, receive a copy of the Consent Order and the Nondiscrimination Policy and Complaint Procedure described in Paragraph 34. Within fourteen days of retention or completion of any training as applicable, the Nolen Defendants shall take reasonable steps to ensure and verify that any new Independent Manager, and any new agents or employees of the Nolen Defendants or the Independent Manager who are involved in decisions to grant or deny tenancy or to enforce the terms of leases, have attended, or within sixty (60) days of retention, will attend a training consistent with Paragraph 35(a)(i), (a)(ii), & (a)(iv) or participate in an online training on the Fair Housing Act, including the Act's provisions prohibiting sexual harassment and other forms of sex discrimination.

## IV.   MONETARY DAMAGES FOR AGGRIEVED PERSONS

37.    The Nolen Defendants, including by and through any insurer for the same, shall pay a total sum of nine-hundred and sixty thousand dollars ($960,000) for the sole purpose of

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

12

paying monetary damages to the Aggrieved Persons. This money will be referred to as "the Settlement Fund."

38. The Settlement Fund shall be funded and paid for as follows:

a. Within thirty (30) days of the effective date of this Consent Order, the Nolen Defendants will pay $150,000 of the Settlement Fund into an account, which the Nolen Defendants shall establish and maintain (the "Settlement Account");

b. Within one hundred eighty (180) days of the effective date of this Consent Order, the Nolen Defendants will pay $150,000 of the Settlement Fund into the Settlement Account;

c. Within three hundred sixty-five (365) days of the effective date of this Consent Order, the Nolen Defendants will pay $200,000 of the Settlement Fund into the Settlement Account;

d. Within five hundred forty (540) days of the effective date of this Consent Order, the Nolen Defendants will pay $250,000 of the Settlement Fund into the Settlement Account;

e. Within seven hundred twenty (720) days of the effective date of this Consent Order, the Nolen Defendants will pay the final $210,000 of the Settlement Fund into the Settlement Account (the "Final Payment").

39. The Nolen Defendants shall provide written verification to the United States that the Settlement Account has been established and that each payment of the Settlement Fund identified in Paragraph 38 has been made, within three (3) business days of each deposit.

40. The Settlement Fund shall be distributed as follows:

a. Within sixty (60) days of the effective date of this Consent Order, the Nolen Defendants shall cause to be delivered to counsel for the United States checks made out to individual Aggrieved Persons or their successors, heirs, or descendants, in the amounts directed by counsel for the United States. The sum total of the checks shall not exceed the amount identified in Paragraph 38(a).

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

13

b.  Within three hundred and seventy-five (375) days of the effective date of this Consent Order, the Nolen Defendants shall cause to be delivered to counsel for the United States checks made out to individual Aggrieved Persons or their successors, heirs, or descendants, in the amounts directed by counsel for the United States. The sum total of the checks shall not exceed the combined amounts identified in Paragraph 38(b) and 38(c) above.

c.  Within ten (10) days after the deadline for the Final Payment, the Nolen Defendants shall cause to be delivered to counsel for the United States checks made out to individual Aggrieved Persons or their successors, heirs, or descendants in the amounts directed by counsel for the United States. The sum total of the checks shall not exceed the combined amounts identified in Paragraph 38(d) and 38(e) above.

d.  At least five (5) days prior to the distributions identified in this Paragraph, the United States shall, in its sole discretion, provide to the Nolen Defendants a list of the amounts the Nolen Defendants shall pay to each Aggrieved Person or their heirs, successors, or descendants. The Nolen Defendants hereby waive the right to dispute the United States' determinations regarding the payments to Aggrieved Persons or their heirs, successors, or descendants described in this Paragraph in this or any other proceeding, including identification of recipients or payment amounts, unless contrary to the terms of this Consent Order.

e.  The Parties may agree to modify the distribution schedule set forth in this Paragraph in the event the Nolen Defendants fully fund the Settlement Fund prior to the seven hundred twenty (720) day deadline.

41.  Counsel for the United States will obtain a signed release (in the form of Attachment C) from each Aggrieved Person. No Aggrieved Person will receive a check until that person has executed and delivered to counsel for the United States a signed release. After the United States has distributed the checks referenced in Paragraph 40(a), it will provide copies of the signed releases to the Nolen Defendants.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

42.     The monetary damages required to be paid under this Section are a debt within the meaning of 11 U.S.C. § 523(a)(6).  Accordingly, the Nolen Defendants will not seek to discharge any part of this debt in bankruptcy.

43.     The Nolen Defendants agree that, if they fail to make any of the payments into the Settlement Fund by the dates specified above, the entire remaining amount of the debt owed pursuant to this Consent Order will become immediately due and payable, and the United States may proceed with available administrative and judicial remedies to enforce this Consent Order.  Unless stated otherwise, nothing in this Consent Order shall be interpreted to prevent the United States from employing any lawful remedy to enforce the Consent Order.

## V.     ADDITIONAL RELIEF FOR AGGRIEVED PERSONS

44.     The Nolen Defendants will execute and cooperate fully in the execution, completion and filing of any and all motions, stipulations, affidavits, petitions, or other documents that may be required to seek satisfaction, release, dismissal, discharge, or to vacate any eviction judgments the Nolen Defendants initiated or maintained against any Aggrieved Person identified by the United States, to the extent possible under California and federal law. The Nolen Defendants will take any necessary actions pursuant to this paragraph within twenty (20) days of any request made by the United States.

45.     Within thirty (30) days of the effective date of this Consent Order, the Nolen Defendants will deliver to counsel for the United States, via overnight mail, a letter in the form of Attachment D for each Aggrieved Person against whom any Nolen Defendant has filed an eviction action.

46.     The Nolen Defendants will cooperate fully with all actions necessary to expunge from credit histories any detrimental information they have reported to any of the three major credit bureaus (Equifax, Experian, or TransUnion), if any, with respect to the Aggrieved Persons, to the extent possible under California or federal law.  The Nolen Defendants will take any necessary actions pursuant to this paragraph within twenty (20) days of any request made by the United States.

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

15

47.     The Nolen Defendants will inform the United States within ten (10) days after taking any of the actions described in Paragraphs 44 and 46.  The Nolen Defendants will maintain all records relating to the actions taken in accordance with Paragraphs 44 and 46 and will, within thirty (30) days of taking such actions, send the United States copies of the documents demonstrating compliance with the requirements of those Paragraphs.

## VI.    CIVIL PENALTY

48.     Within twenty-four (24) months of the effective date of this Consent Order, the Nolen Defendants shall pay forty thousand dollars ($40,000) to the United States as a civil penalty under 42 U.S.C. § 3614(d)(1)(C).  This payment shall be in the form of an electronic funds transfer consistent with written instructions provided by counsel for the United States.

49.     The civil penalty referenced above is a debt for a fine, penalty, or forfeiture payable to and for the benefit of the United States within the meaning of 11 U.S.C. § 523(a)(7) and is not compensation for actual pecuniary loss.  The Nolen Defendants shall not seek to discharge any part of this debt in bankruptcy.

50.     In the event any Nolen Defendant engages in any future violation of the Fair Housing Act, such violation will constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii).

## VII.    DOCUMENT RETENTION, COMPLIANCE REVIEW & REPORTING

51.     The Nolen Defendants will make good faith efforts to ensure that they and the Independent Manager preserve and maintain all records that are the source of, contain, or relate to any information pertinent to their obligations under this Consent Order, including, but not limited to, the following:

    a.  A list of all tenants, the units in which they live, and their telephone numbers;

    b.  Rental records, including leases, maintenance orders, notice of non-renewal or eviction or wrongful occupation, notices of lease violations, tenant complaints, and correspondence with tenants;

    c.  Rental policies and procedures, including the Nondiscrimination and Complaint Procedure referred to in Section III;

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

d.  Tenant rules and regulations;

e.  Rental ledgers, and any records of payments by tenants;

f.  Rental payments, including any abatements in rent, or other financial records; and

g.  Any documents related to notification or complaints of contact or interference by the Nolen Defendants or anyone on their behalf, or discrimination, harassment, unfair treatment, or violation of this Order by either Nolen Defendant, the Independent Manager, or any of their agents.

52.     The United States may review compliance with this Consent Order at any time, including, but not limited to, conducting fair housing tests at any Covered Property.  The Nolen Defendants shall cooperate with the United States in any review of compliance with this Consent Order.  The Nolen Defendants and the Independent Manager will provide copies of the documents described in Paragraph 51 upon request and will permit the United States to inspect and copy these documents upon reasonable notice.

53.     The Nolen Defendants will, through the individual or individuals designated in Paragraph 19 or the Independent Manager, provide to the United States notification and documentation of the following events, no later than fifteen (15) days after their occurrence:

a.  Any information indicating that any person or entity is or may be in violation of this Consent Order; and

b.  Any complaint in the possession of the individual or individuals designated in Paragraph 19 or the Independent Manager, whether written, oral, or in any other form, against the Nolen Defendants or their agents or employees regarding contact or interference by any Nolen Defendant, or discrimination, harassment, unfair treatment, retaliation, or violation of this Order by any Nolen Defendant. The individual or individuals designated in Paragraph 19 or the Independent Manager will also inform the United States, in writing, about the substance of any resolution of the complaint within fifteen (15) days of such resolution.

54.     Within ninety (90) days of the effective date of this Consent Order and every six (6) months thereafter, for the term of this Consent Order, the Nolen Defendants, through the

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

17

individual or individuals designated in Paragraph 19 or the Independent Manager, will provide a report to the United States containing the following information:

     a.  A list of current tenants living at the Covered Properties with an address and contact telephone number for each tenant;

     b.  Written verification from the Nolen Defendants and either the individual or individuals designated in Paragraph 19 or the Independent Manager that (i) the Nolen Defendants are complying with the prohibitions in this Consent Order against performing property management responsibilities at the Covered Properties, in accordance with Attachment A, (ii) the Nolen Defendants have not engaged in Contact or Communication with tenants or prospective tenants except as allowed under the Consent Order, and (iii) the individual or individuals designated in Paragraph 19 or the Independent Manager has managed the Covered Properties in accordance with the terms of the Consent Order during the reporting period;

     c.  Written confirmation that the Nondiscrimination Policy and Complaint Procedure described in Paragraph 34 has been provided to each new tenant whose tenancy has started since the previous report; and

     d.  Any documents required by any provision of this Consent Order to the extent those documents have not been previously provided, including copies of any new training certificates, as required by Paragraph 36.

55.    The final report under Paragraph 54 shall be submitted to the United States no later than sixty (60) days before the expiration of this Consent Order.

///

///

///

///

///

///

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

## VIII.    DURATION, MODIFICATION, AND ENFORCEMENT

56.    Except as to the provisions set forth in Paragraphs 14-16 and 27-29, the provisions of this Consent Order will be in effect for a period of five (5) years from the effective date, unless extended pursuant to Paragraph 57.  The Court will retain jurisdiction for the purpose of enforcing or interpreting the provisions of this Consent Order.  The United States may move the Court to extend the terms of this Consent Order in the event of noncompliance with any of its terms, or if the interests of justice so require.

57.    If any deadline herein falls on a weekend, state, federal, or banking holiday, the deadline shall be extended to the next business thereafter.  Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

58.    Except as provided in Paragraphs 40(e) and 57 any modifications to the provisions of this Consent Order must be approved by the Court.

59.    The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by any of the Nolen Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, civil contempt proceedings, an order requiring performance or non-performance of certain acts, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

60.    Except as otherwise provided in Paragraph 59 the Parties will bear their own costs and attorneys' fees associated with this litigation.

61.    The Parties agree that as of the effective date, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Amended Complaint.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in the Amended

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

19

Complaint, they are no longer required to maintain such a litigation hold.  Nothing in this

Paragraph relieves any of the Parties of any other obligations imposed by this Consent Order.

      IT IS SO ORDERED.


Dated: June 18, 2025                  /s/ John A. Mendez

                                            THE HONORABLE JOHN A. MENDEZ
                                            SENIOR UNITED STATES DISTRICT JUDGE

By their signatures below, the Parties consent to the entry of this Consent Order.

*For the United States:*

Dated: June 9, 2025

MICHELE BECKWITH
Acting United States Attorney
Eastern District of California

HARMEET K. DHILLON
Assistant Attorney General

MICHAEL E. GATES
Deputy Assistant Attorney General

*/s/ Emilia P. E. Morris*
EMILIA P. E. MORRIS
Assistant United States Attorney

*/s/ Arielle R. L. Reid*
CARRIE PAGNUCCO
Chief
AMIE S. MURPHY
Deputy Chief
ARIELLE R. L. REID
ALAN A. MARTINSON
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice

*For JOEL LYNN NOLEN:*

Dated: _____, 2025        _____
                                              JOEL LYNN NOLEN

*For SHIRLEE NOLEN:*

Dated: _____, 2025        _____
                                              SHIRLEE NOLEN

*For  NOLEN PROPERTIES, LLC:*

Dated: _____, 2025        _____

                                              By: _____

**Attachment A**

**Independent Manager and Nolen Defendants' Responsibilities**

| | Independent Manager Responsibilities | Nolen Defendants Responsibilities |
|---|---|---|
| Showing and advertising dwelling units | Provide his/her phone number on any rental listing; answer calls, emails, and otherwise respond to inquiries about renting the dwelling unit; meet prospective tenants at dwelling unit to show the property; provide all information to prospective tenants about dwelling unit | Set general rent amount for dwelling units, including security deposit and other fees, which must be set without regard to the identity or characteristics of the tenants or prospective tenants |
| Processing rental applications | Provide rental applications to prospective tenants; receive rental applications from prospective tenants; review rental applications to determine if prospective tenants meet standards to rent the dwelling unit; process any background or credit check required; review the background check or credit check; accept rental application fee if there is one; make decision about whether or not to accept tenants | Set standards for prospective tenants to qualify to rent dwelling units |
| Performing or supervising repairs or maintenance | Communicate with tenants regarding all repairs and maintenance requests; notify defendant-owner of repairs that need to be made at dwelling unit; perform repairs at dwelling unit or select and supervise employees, staff, or contractors hired to conduct repairs at dwelling unit | As otherwise agreed between manager and defendant |
| Performing or supervising cleaning or painting | Notify defendant-owner of cleaning or painting that needs to be performed at dwelling unit; perform painting or cleaning at dwelling unit or select and supervise employees, staff, or contractors hired to conduct painting or cleaning at dwelling unit | As otherwise agreed between manager and defendant |

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

23

| Collecting rent and fees | Collect rent, fees and security deposits from prospective and current tenants; can collect electronically, via mail, or in-person | None |
| --- | --- | --- |
| Determining tenant eligibility for subsidies or waivers of fees and rents | Determine eligibility for any subsidies or waivers of fees and rents; determine eligibility for late rent payments | Set standard policy for acceptance of late rent payments or waivers of rent payments |
| Entering or inspecting dwelling units | Can enter or inspect dwelling units that are currently occupied with advance notice to current tenants; can enter or inspect any vacant dwelling unit as necessary | None as to occupied dwelling units; Joel Nolen can enter or inspect vacant dwelling units only when accompanied by the Independent Manager or the person designated in Paragraph 19, as set forth in Paragraph 29 of the Consent Order, except that he may enter an unoccupied dwelling unit without accompaniment when preparing a property for sale as set forth in Paragraph 29. |
| Terminating tenancies | Notify defendant-owner of lease violations; send notices of lease violations to current tenants; send eviction notices to current tenants; hire process servers; appear in court for eviction proceedings or other legal proceedings that involve tenants; work with local law enforcement to serve eviction papers on current tenants; communicate with tenants regarding move-out policies and procedures | Set general standards for when tenants are subject to eviction; set standard tenant move-out policies and procedures; appear in court for unlawful detainer or other legal proceedings that involve current, former, or prospective tenants. |
| Post-tenancy | Determine whether and how much to return from a tenant's security deposit upon move-out; provide references for former tenants | Review and approve any refunds or damage cost repair estimates and how much to return from a tenant's security deposits upon move-out; conduct move-out inspections on unoccupied properties when accompanied by the Independent Manager or the person designated in Paragraph 19, as set forth in Paragraph 29 of the Consent Order. |

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

24

**Attachment B**

**Training Certificate**


I hereby acknowledge that on _____, 202_, I completed training conducted by _____ on the requirements of the federal Fair Housing Act, which included training on the Act's provisions related to sex discrimination, including sexual harassment prohibited by the Act. I have also received a copy of the Consent Order entered by the United States District Court for the Eastern District of California in *United States v. Joel Lynn Nolen, et al.*, Case No. 2:23-cv-00320-JAM-CKD (E.D. Cal.).   I understand my obligation to not discriminate against any person in any aspect of the rental of a residential dwelling because of sex, race, color, religion, national origin, disability, or familial status (having children under age 18).

I also understand my obligation not to retaliate against any individual for exercising a right protected by the Fair Housing Act.

Executed this _____ day of _____, 202__.


_____
Signature

_____
Print Name

_____
Job Title/Position

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

25

**Attachment C**

**Release of Claims**

In consideration for the Parties' agreement to the terms of the Consent Order they entered into in the case of *United States v. Joel Lynn Nolen, et al.*, 2:23-cv-00320-JAM-CKD (E.D. Cal.), as approved by the United States District Court for the Eastern District of California, and in consideration for the payment of \$_____, I, _____, do hereby fully release and forever discharge Joel Lynn Nolen; Shirlee Nolen; and Nolen Properties, LLC, from any and all fair housing sexual discrimination claims based on the facts set forth in the Amended Complaint in the action named above that I may have had against them as of the entry of this Consent Order.

I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Executed this _____ day of _____, 202_.

_____
Signature

_____
Print Name

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN
NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

26

**Attachment D**

**Letter Regarding Evictions**

[Month] [day], 202[ ]

    **Re: [Aggrieved Person's name]**

To Whom it May Concern:

    My clients, Joel and Shirlee Nolen, or someone acting on my clients' behalf, may have filed an eviction proceeding against [Aggrieved Person's name] in Lassen County Superior Court in the State of California.  My clients were the owner(s) of the property in [year of rental] and at the time the eviction proceeding was commenced.

    On February 2, 2023, the United States of America filed a lawsuit against Joel and Shirlee Nolen in in the United States District Court for the Eastern District of California alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* As part of the resolution reached in that case, my clients were required to cooperate with any and all necessary steps to seek satisfaction, dismissal, vacating, or sealing of the eviction action referenced above, and, if necessary, take any and all necessary steps to satisfy and/or vacate any adverse judgement obtained in the eviction action referenced above.

    To the extent that negative information exists regarding Ms. [Aggrieved Person's last name]'s rental of [property street address] in [property city or town], California, please disregard it.  Such negative information may include, but is not limited to: any judgment obtained in connection with the action referenced above, any information relating to late or missing rent payments, payments with non-sufficient funds, write-offs, collections actions, unpaid or late-paid utility bills; negative statements relating to the condition of the property during or at the end of Ms. [Aggrieved Person's last name]'s tenancy; and any information related to alleged lease violations or damages to the property located at [property street address] during Ms. [Aggrieved Person's last name]'s tenancy.

Sincerely,

[DEFENSE COUNSEL]

CONSENT ORDER RESOLVING THE UNITED STATES OF AMERICA'S CLAIMS AGAINST JOEL LYNN NOLEN, SHIRLEE NOLEN & NOLEN PROPERTIES, LLC

27